150　　　　　SUPREME COURT　　　　　[Vol.

# Howze, *et al. v.* Harrison.

*Bill by Stockholders Against Officers of a Corporation
for Misconduct.*

(Decided Feb. 3, 1910.—51 South. 614.)

1. *Corporations; Suits Against Officers; Stockholders; Demand.—*
A stockholder cannot sue in his own name for the misappropriation
of corporation assets by the corporation officers until he has made
a demand in good faith upon the managing officers or governing
board of the corporation to correct the wrong, and on their failure
to do so he must endeavor to correct it through the stockholders;
he may sue in his own name without previous demand and refusal
of the officers to act where it clearly appears that such demand
would be refused, or that the proceedings would necessarily be
under the control of the delinquent officers, so that any effort to
obtain relief through them or the stockholders will be useless.

2. *Same; Receivers; Grounds for.—*As a rule, equity will not
appoint a receiver to wind up the affairs of a solvent corporation,
but if it has a governing board, or if dissentions in its governing
board prevent it from carrying on its business beneficially to the
stockholders, a receiver may be appointed, although the corporation
is solvent; such power, however, should be exercised only so far
as is necessary to preserve the corporate property and protect the
interest of the stockholders.

3. *Same; Misappropriation of Funds by Officers; Receiver; Bill.—*
The bill in this case stated and examined and held to show in-
sufficient facts to authorize the appointment of a receiver at the suit
of a single member of the order, there being nothing to show that
the governing body would not protect its funds when it met, or that
respondents or the order were insolvent.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by L. H. Harrison against C. A. Howze and oth-
ers. From a decree overruling demurrers to the bill,
respondents appeal. Reversed and remanded. ,

The averments made by the bill are that the respond-
ents are officers of the grand lodge of the order, and
their names and titles are given, that complainant is a
member of one of the lodges under the jurisdiction of
the grand lodge, that the last grand lodge adjourned

[Howze, et al. v. Harrison.]

without electing officers, and that the grand lodge officers are in possession of their offices without a right. The composition of the grand lodge is then given, and it is alleged that it is governed by a constitution and by-laws, and that besides the officers of the grand lodge there is a board provided for, known as the "Endowment Board," who have exclusive control of the endowment funds; that the grand lodge funds are entirely separate from the endowment funds, and are made up as follows: $10 for charters for new lodges and temples; $5 for charters for each royal house and past master's council and each juvenile department; $2 for each special privilege of parade by each larger temple, and for taking in members at less than the regular rate. The revenue is further augmented by a tax of 55 cents for each male member, 44 cents for each female member, and $1 for each royal house, past master's council, and juvenile organization. It is then set out how the grand lodge and its subordinate body is constituted, together with the style of the officers thereof. It is alleged that the endowment fund is made up and accumulated by the payment of each member of lodges and temples of $1 when they become members, and 35 cents for each month while they remain members, which must be paid in order to retain membership, and 25 cents for each juvenile member when it joins and 10 cents per month thereafter, and 50 cents for each duplicate policy or certificate of endowment issued, and 10 cents for each member who desires to change the name in the certificate by reason of marriage. It is alleged that the grand master's salary is fixed at $200 per year, with an additional $50 per annum to be paid out of the endowment fund, and the endowment secretary receives a salary of $324. It is then alleged that the grand master had collected of the revenues of the grand lodge about $1,000,

and about $500 for dispensation, and that, while it belongs to the grand lodge, Howze has never reported the same to the grand lodge, never paid the same over, and has converted the same to his own use. It is then alleged that said Howze has received various other sums, amounting to about $1,000 more, which he also converted to his own use. It is then alleged that the said Howze, Daniels, and Edwards, the grand master, grand treasurer, and endowment secretary, respectively, had received $2,100 as the per capita tax, for the endowment fund, and they had converted to their own use, under one pretext or another, all of said money, except the sum of $596.30. It is then alleged that, in reporting all the receipts of said fund, more expenses had been stated than had been actually paid or actually made, and a detailed statement is made of the condition of the endowment fund as to amounts on hand and insurance outstanding at interest. Various derelictions are alleged on the part of the grand officers in the management of the funds of the grand lodge and the endowment fund. It is then alleged that it is provided by the laws of the order that the control of the business of the said department of endowment shall be vested in the board of endowment, and the said board shall be held accountable to the grand lodge for the manner in which they minister the affairs of this department. It is also alleged that all the grand officers are responsible to the grand lodge for their acts, and must make quarterly reports in some instances and annual reports in others, and that they have failed to do this. The prayer of the bill is that a receiver be appointed to take charge of the money and business of the endowment department and of the property and money of the corporation, and to conduct the same and keep alive its insurance contracts, and to restrain the respondents, or any of them, from

[Howze, et al. v. Harrison.]

interfering in any way with the receiver, and for an accounting against the officers of the grand lodge.

The demurrers take the point that complainant shows no right to maintain the bill; that no necessity is shown for the appointment of a receiver; that the bill shows on its face that there is an adequate remedy at law, because the bill seeks relief against several parties mentioned therein against whom no wrong is alleged; because the bill seeks a receiver for the corporation, without alleging any wrong done by the corporation; the bill is multifarious, because it seeks an injunction and accounting, the appointment of a receiver, and the trial of title to office.

H. H. GOLDSTEIN, for appellant. The bill fails to aver facts sufficient to authorize a suit by a stockholder in his own name, as here attempted.—*L. & N. v. Neal,* 128 Ala. 149; *Johnson v. Nat. B. & L. Assn.,* 125 Ala. 481; 144 Mass. 176; 36 Atl. 129; 49 L. R. A. 373. Complainant had no interest or property right in the subject-matter of the action. His sole interest is a right of des-ignation, a naked power and not an asset.—*M. B. Assn. v. Clendennen,* 22 A. M. Rep. 52; *Hellenberg v. Dist. No. 1, I. O. B. B.,* 54 N. Y. 580. The bill fails to allege the insolvency of the corporation or of the respondent. —29 Cyc. 53; 19 Atl. 669. Equity will not take jurisdiction primarily to determine the legality of the election of the officers of the corporation.—*Crow v. Bir. U. Ry. Co.,* 143 Ala. 427. The court should have sustained the 9th and 10th grounds of demurrer.—*Johnson v. Little,* 141 Ala. 382. The 22nd ground should have been sustained.—*Hulsey v. Walker County,* 147 Ala. 501.

C. B. POWELL, for appellee.—It sufficiently appears that complainant has such an interest in the subject-

matter as to entitle him to file a bill.—*Houston v. Houze,* in MS; *State ex rel. v. Bibb St. Church,* 84 Ala. 23; *Christian Church v. Sommer,* 43 South. 8. The benefit certificate is a contract under which certain property rights exist.—3 A. & E. Ency. of Law, 1083; *Sup. Commandery v. Ainsworth,* 71 Ala. 437. Under the averments of the bill there is no board of directory and a receiver should be appointed.—*Jasper Co. v. Wallace,* 123 Ala. 652. Incidental to the relief here sought the court will inquire into the validity of the election.—5 Cook ond Corp., Sec. 618.

ANDERSON, J.—"Ordinarily, and it is a well-established rule, a corporation should bring its own suit against its officers for misconduct or negligence in the management of its business affairs, or for the recovery of its funds wrongfully converted or misapplied, or for its property illegally conveyed or delivered to a stranger. The rule also seems to be well established by former decisions of this court that, before the individual stockholder can bring suit in his own name for the wrongful conversion of corporate funds or misappropriation of the corporate assets by its officers, he must first make a demand upon the managing officers or governing board of the corporation to correct the wrongs complained of, by legal proceedings or otherwise, and, meeting with failure or refusal in this regard, he must next seek redress through the stockholders as a body. Such a demand or request must not be simulated, but an earnest and honest effort and endeavor on his part through such governing board to have the wrongs redressed, and this should be clearly shown by the averments of the bill and the proof to the satisfaction of the court.—*Steiner v. Parsons et al.,* 103 Ala. 215, 13 South. 771; *Manufacturing Co. v. Cox,* 68 Ala. 71; *Nathan v.*

*Thompkins,* 82 Ala. 437; *Roman v. Woolfork,* 98 Ala. 219, 13 South. 212; *Merchants' & Planters' Line v. Waganer,* 71 Ala. 581; *Hawes v. Oakland,* 104 U. S. 450, 26 L. Ed. 827. There are, however, exceptional cases where this demand on the directors or governing board of the corporation is not required. If it is made clearly to appear that such demand would meet with refusal, or that the litigation following would necessarily be under the control of the persons opposed to success, or where the persons constituting the governing board, or a majority of them are themselves the wrongdoers, or under their control, and that any effort to obtain redress through the stockholders would be unavailing for want of time or other cause, in such case the authorities sustain the doctrine that the minority stockholders may maintain the suit in their own name without any previous demand or refusal on the directors or other governing officers."— *Montgomery Light Co. v. Lahey,* 121 Ala. 131, 25 South. 1006; *Johns v. McLester,* 137 Ala. 283, 34 South. 174, 97 Am. St. Rep. 27; *Steiner v. Parsons, supra,* and other authorities cited above. See, also, *Dodge v. Woolsey,* 59 U. S. 331, 15 L. Ed. 401; *Heath v. Erie Railroad Co.,* 8 Blatchf. 347, Fed. Cas. No. 6,306; *Crumlish v. Shenandoah Valley R. Co.,* 28 W. Va. 633; *Peabody v. Flint,* 6 Allen (Mass.) 52; *Brewer v. Theater Co.,* 104 Mass. 378.

The bill avers that the offending officials are under the control of and accountable to the grand lodge, and it would primarily be the duty of the grand lodge to correct the alleged wrongs, and there is no averment that these grievances were brought to the attention of the grand lodge or cannot be checked at the next meeting. It is true the bill avers that at the last meeting of the grand lodge it was announced that there would

not be another meeting for two years; but there is nothing to show that the grand lodge cannot protect the endowment fund, or will not do so, when it meets, as there is no averment of insolvency as to the order or the offending officials, and the bill does not make out a case for the appointment of a receiver, at the instance of a single stockholder, who fails to show that the wrongs will or cannot be redressed by the grand lodge. The chancery court will not, as a rule, appoint a receiver to take charge of a corporation and wind up its affairs except in case of insolvency.—*Edison v. Edison Phonograph Co.,* 52 N. J. 7q. 620, 29 Atl. 195. There seems to be an exception to the rule as to insolvency, when the corporation has no properly constituted governing board, or because there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders; but this power must be exercised with great caution, and only for such time and such extent as may be necessary to preserve the property of the corporation and protect the rights and interests of the stockholders.—*Edison Case, supra; Jasper Co. v. Wallis,* 123 Ala. 656, 26 South. 569. Ordinarily the directors constitute the governing board of a corporation, and are controlled only by the stockholders; but in the case at bar, while the control of the endowment fund is given to the respondents, they are held accountable to the grand lodge for the management of said fund, and which said grand lodge is of necessity the governing and controlling body, and the only proper power to remove or control those in charge of the endowment fund and prevent a misappropriation of the funds, and there is nothing in the bill to indicate that the grand lodge will not take the proper steps to redress the alleged wrongs, or that they cannot be redressed at the next meeting of the grand lodge.

[Cox v. Lewis, et al.]

In the absence of insolvency, the exigencies for the appointment of a receiver should be much greater than the ones advanced in the bill, and we do not think the complainant can maintain this bill without averring that the grand lodge cannot or will not remedy the alleged wrongs. The bill merely avers that the grand lodge would not convene for two years after the last meeting, but does not show that it will not act when it does convene, or that the respondents cannot be made responsible or answerable when the grand lodges does convene, and that a receiver is necessary to preserve the property and protect the members of the endowment fund from irreparable loss. The decree of the chancery court is reversed, and one is here rendered, sustaining the demurrer to the bill for want of equity.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.