# Roe, et al. v. Durham.

### Bill to Hold Corporation Liable for Judgment, and Its Payment.

(Decided February 10, 1916.   71 South. 109.)

1. **Corporations; Dissolution; Character of; Effect.**—Where a corporation is dissolved by agreement and recorded declaration of all its stockholders under § 3510, Code 1907, the corporation is left within the terms of § 3516, Code 1907, but where it has been dissolved by a decree of the chancery court on a petition of its majority stockholders, under § 3511, Code 1907, it is not then within the influence of § 3516, Code 1907; hence, the corporation dissolved by agreement of its sockholders and declared declarations may, within the five year period, be joined as a party to a suit to hold it liable for the failure of its officers to comply with the provisions of § 4105, whether the liability grows out of a contract or tort.

2. **Same; Penalty; Statute.**—The corporation is not liable under § 4105, Code 1907, for a failure to furnish a statement of a defendant's stock, where it did not appear that defendant owned any stock whatever; hence, a bill seeking to hold a corporation liable is without equity where it did not show that the original defendant owned any stock in the corporation.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Joseph F. Durham against John T. Roe, Bell McGowin Roe, Lena McGowin, and the Roe Drug Company, to hold the corporation liable in judgment for a certain debt owed to the corporation by one W. T. McGowin, and to compel its payment out of corporate assets. From a decree overruling demurrers, defendants appeal. Reversed and remanded.

The parties named as respondents were, on November 14, 1914, directors and sole stockholders of the corporation which was on December 12, 1914, voluntarily dissolved by them, by pro-

ceedings under and in conformity with section 3510, Code 1907, whereby they came into possession of the corporate assets. The theory and equity, if any, of the bill are disclosed by the allegations of paragraph 3 as follows: Complainant heretofore brought a suit in the circuit court of Mobile county, Ala., against one W. T. McGowin as defendant, and as such plaintiff in said suit, recovered on January 27, 1914, against said W. T. McGowin a judgment in the sum of $2,326.16, together with $9.65 costs, no part of which said judgment has ever been satisfied; that on September 1, 1914, complainant caused an alias execution to be issued on said judgment which said execution was on the same day levied on all the stock, shares, or interest of the said W. T. McGowin in the Roe Drug Company, a corporation; that the officer making said levy went to the office or principal place of business of said Roe Drug Company, a corporation, and demanded of an officer of said corporation, who was there present and who was not the defendant in the suit in which said judgment was rendered, a statement in writing under oath of the amount of W. T. McGowin's stock, the number of his shares or the extent of his interest in said corporation and left with said officer a copy of the writ; and that the said corporation neglected or failed for more than 10 days after said levy to deliver to the officer making the levy or to any other officer duly authorized by law to make the returns, such statement in writing under oath of the particulars demanded by said officer and of the value of W. T. McGowin's stock, shares, or interest in the said corporation. Wherefore complainant says that the Roe Drug Company became liable to him under the terms of section 4105, Code 1907, in the full amount of said judgment, $2,335.81.

The following demurrers were interposed by the personal respondents: "(1) There is no equity in the bill.

(2) There is no allegation in the bill that W. T. McGowin, the defendant in the judgment mentioned in the said bill, was the owner or holder of any of the corporate stock of the alleged Roe Drug Company at the time the alleged demand was made on an officer of the said Roe Drug Company for a statement as to the amount of stock, or number of shares then held or owned by W. T. McGowin, the defendant in the judgment.

(3) There is no allegation in the bill that W. T. McGowin, the defendant in the judgment, ever had at any time held or owned any stock or shares in the Roe Drug Company.

(4) Because the complaint fails to allege the name of the officer upon which the alleged demand was made.

(5) Because the bill shows upon its face that it is an attempt to collect a penalty as against the dissolved corporation as provided for under section 4105, Code 1907, and is a proceeding to collect same under the provisions of section 3516, Code 1907, while the said latter section makes no provision for, nor embodies, nor does it authorize such a procedure as this against the directors or stockholders of a dissolved corporation for the collection of a penalty.

The corporation assigned an additional ground of demurrer, viz., its misjoinder, as a party respondent.

GORDON & EDINGTON, for appellant. GREGORY L. & H. T. SMITH, and HUGH M. CAFFEY, JR., for appellee.

SOMERVILLE, J.— (1) When a corporation has been dissolved by a decree of the chancery court on petition of its majority stockholders, under the provisions of section 3511 of the Code, it is not then within the influence of section 3516 of the Code, providing that: "Corporations whose charters expire by limitation and which are dissolved by forfeiture or by any other cause, except by judicial decree, exist as bodies corporate for the term of five years after such dissolutions, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock."

But a dissolution by the agreement and recorded declaration of all the stockholders. under section 3510 of the Code, unquestionably leaves the corporation within the terms of section 3516. See *Nelson v. Hubbard*, 96 Ala. 238, 246, 11 South. 428, 17 L. R. A. 375.

The respondent corporation is therefore still subject to a suit upon any liability which accrued prior to its dissolution in December, 1914. And it can make no difference whether the liability sued on grows out of a contract or a tort. It may be that the power given to the directors, by section 3516, to pay the corporate "debts," would not authorize them to pay claims in tort —a point which we do not decide. But, if that proposition be conceded, it would be a compelling reason why a suit should lie against the corporation to convert the claim into a judgment debt, so that it could be paid by the directors.

[Roe, et al. v. Durham.]

It results that the corporation is not misjoined as a party respondent to the bill, and that, if the corporation is shown to be liable for the amount of the complainant's judgment against W. T. McGowin, by reason of the failure or refusal of its officers to comply with the requirements of section 4105 of the Code, then there is equity in the bill.

(2) The substance of section 4105 is that when an execution or attachment is levied on the stock of the defendant in any corporation, the officer shall go to the corporation's office and there shall demand of any corporate officer or agent there present a statement in writing, under oath, "of the amount of the defendant's stock, the number of his shares, or extent of his interest in such corporation or company, and shall leave with the officer, agent or clerk a copy of the writ." The penalty for neglect or refusal by the corporation to furnish such a statement within 10 days is that it shall be liable to the plaintiff for the full amount of his judgment or decree.

The bill does not show that W. T. McGowin ever at any time owned any stock or interest in the Roe Drug Company, and the demurrers challenge the liability of the corporation under this statute, and the equity of the bill itself, in the absence of any allegation that W. T. McGowin was the owner of stock or other interest in the corporation at the time of the officer's demand for information thereof.

We have given due consideration to the language and the purpose of the statute in question, and we are led to the conclusion that it applies, ex vi terminorum only to the execution or attachment debtor who has at the time an interest in the capital or joint stock of the corporation as shown by its records. Even if the language of the statute were doubtful in this regard, it could never be intended that corporations should be penalized by the imposition of the judgment liabilities of defendants to whom they are strangers, and with whom they have no affiliations and no interests in common. Such a construction of the statute might, indeed, subject it to the gravest constitutional objections.

But, very plainly, the purpose behind this extraordinary penalty is to prevent corporations and stock companies from protecting their stockholders against the process of creditors by concealing the character and extent of their holdings. It presupposes that such judgment debtors are in fact stockholders, or have an interest known to the corporation; and the demand for

[Barnes v. White, et al.]

information is expressly predicated upon the officer's levy on the defendant's stock or interest—a manifest impossibility if he has no stock nor interest.

The inquiry authorized is, not whether such judgment debtor owns any stock, and, if so, how much; but, assuming that he owns stock—upon which the officer must have effected a levy— how much does he own? If he is not a stockholder, and has no interest in the corporation, there is of course no levy; and that relationship does not exist between the corporation and the plaintiff and defendant in execution, upon which alone the statute grounds the right and the duty therein stated.

In its present state the bill is in this respect subject to the demurrers, both general and special. It results that the decree appealed from must be reversed, and a decree will be here rendered sustaining the demurrers to the bill of complaint, which will stand dismissed, unless amended within 30 days.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.