(84 South. 715)

MERCHANTS' BANK OF MOBILE et al. v. ZADEK et al. (1 Div. 100.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. BANKRUPTCY ⬤═387 — STOCKHOLDER MAY AS CREDITOR SUE TRUSTEE FOR ACCOUNTING FOR PROPERTY TO BE APPLIED TO PAYMENT OF COMPOSITION.

Where banks which have been made trustee under a composition by a jewelry company with its creditors have disposed of all the property of debtor company, creditors may bring suit for an accounting for payment of their debts out of the assets of the company and for a return of collateral pledged, notwithstanding that such creditors are shareholders in the company, since shareholders have as much right to contract with a corporation as if they were strangers, and may sustain a relation of debtor and creditor with the corporation.

2. BANKRUPTCY ⬤═387—EFFECT OF COMPOSITION WITH CREDITORS STATED.

A composition proceeding as provided by the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656) and as ordinarily put into effect by the payment into court of the sum of money necessary to meet the claims of all creditors on the basis of the agreement has, upon confirmation by the court, the effect of restoring the bankrupt to his estate free from the claims of creditors, and restores to him his right of action upon choses in action.

3. BANKRUPTCY ⬤═387—COMPOSITION AGREEMENT BINDING UPON ALL CREDITORS ENTERING INTO IT.

An agreement of composition entered into by a number of creditors, each acting on the faith of the engagement of the others, will, in the absence of statute, be binding upon them all, for each has the undertaking of the others as a consideration, and the creditor who breaks the agreement perpetrates a fraud upon those who adhered to it.

4. BANKRUPTCY ⬤═387 — ASSETS OF DEBTOR HELD TRUST FUND FOR BENEFIT OF ALL COMPOSITION CREDITORS.

Where a composition was entered into by the creditors of a jewelry company, and certain banks were designated to receive the assets constituting a trust fund for the benefit of all the composition creditors, the banks who were also creditors could not appropriate to themselves a greater share in the assets than was given to other creditors.

5. PLEADING ⬤═67—NONCONSENT OF PLAINTIFFS TO WRONG OF TRUSTEE NEED NOT BE ALLEGED IN SUIT FOR ACCOUNTING FOR PROPERTY TO BE APPLIED TO PAYMENT OF COMPOSITION.

Where the creditors of a jewelry company entered into a composition whereby certain banks were authorized to receive the assets of the debtor, in a suit against such banks for an accounting, it was not necessary that the bill should aver that complainants were not willing or consenting parties to the wrong of the banks in appropriating to themselves a larger share of the trust fund than that to which they were entitled; such matter being in defense.

6. BANKRUPTCY ⬤═387—DEBTOR CORPORATION HELD NECESSARY PARTY IN SUIT BASED UPON COMPOSITION AGREEMENT WITH ITS CREDITORS.

In a suit by the creditors of a jewelry corporation to a composition agreement against the trustees under an agreement for an accounting, a relief peculiar to the debtor corporation cannot be awarded where such corporation has not been made a party.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill by Elizabeth G. Zadek and others against the Merchants' Bank of Mobile and others for an accounting and other relief, with cross-bill by certain respondents. From a decree overruling demurrers to the bill, certain respondents, including the named respondent, appeal. Reversed and remanded.

Smiths, Young & Leigh, of Mobile, for appellant. The Zadek Jewelry Company, should

have brought this suit. 2 Ala. 699; 165 Ala. 150, 51 South. 614. If the property was wrongfully converted, the corporation has an adequate remedy at law. 72 Ala. 248; 83 Ala. 351, 3 South. 369; 125 Ala. 620, 28 South. 12. The jewelry company was at least a necessary party. 101 Ala. 344, 13 South. 500; 187 Ala. 165, 65 South. 381. No illegal conversion is shown. 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789; 92 Ala. 403, 8 South. 788. In the absence of fraud or bad faith, no liability for selling in bulk attaches. 3 Stewart, 18.

Frederick G. Bromberg, of Mobile, for appellee. Equity will not allow one of two or more persons having a common interest in property to impair its value to others or appropriate it exclusively. 21 Wall. 617, 22 South. 492; 202 Ala. 492, 80 South. 876; ante, p. 21, 81 South. 811; 1 Pom. Eq. Jur. §§ 137, 138, 147, 155, 170, 217, 218, 219, 221; 138 Ala. 134, 35 South. 50; 135 Ala. 302, 33 South. 659; 104 Ala. 263, 16 South. 97; 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107. The facts show a conversion of the property and make appellant a trustee ex maleficio. 16 Ala. App. 619, 80 South. 623; 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789; 195 Ala. 309, 70 South. 159; 151 Ala. 628, 44 South. 655; 124 Ala. 341, 27 South. 309; 124 Ala. 596, 26 South. 918; 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45. The assets of the corporation were a trust fund for the benefit of all creditors, including appellee. 176 Ala. 476, 58 South. 432; 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665; section 3509, Code 1907. The corporation is not a necessary party. 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31; 57 Ala. 913; 26 Ala. 332; 2 S. & P. 361; 5 Port. 452.

SAYRE, J. Appellee Elizabeth G. Zadek filed this bill averring: That in April, 1916, the Zadek Jewelry Company entered into a composition with all its creditors, which was confirmed by the federal District Court where proceedings in bankruptcy were at the time pending against said company; that by said composition all creditors, including the Merchants' Bank and the First National Bank of Mobile, agreed to accept 30 per cent. of their claims against the Zadek Jewelry Company; that it was agreed among all parties concerned that 30 per cent. of the debts proved against the jewelry company need not be paid into court by the company, but in lieu thereof the banks required complainant and Kenneth L. Kennedy and Frederick G. Bromberg, all whom were creditors of the jewelry company and at the same time stockholders therein, complainant being president, to assign their certificates of stock to Harry B. Pake, agent for the banks, whereupon the banks paid into court money for account of the jewelry company and in an amount sufficient to meet the demands of all creditors to whom the jewelry company was indebted on accounts for merchandise; that the banks thereupon placed Pake in charge of the property and business of the company for the purpose of continuing its business and paying out of profits to be realized all creditors, including themselves, complainant, Kennedy, and Bromberg, the amounts of their respective debts according to the composition, money being advanced by them to Pake for that purpose; that, after the banks had been repaid all money advanced by them to pay merchandise creditors of the jewelry company 30 per cent. of their claims, the banks sold the entire stock of goods belonging to the company, its good will, and the lease of the stores in which it had carried on its business, for a large sum, a sum in excess of the amounts due to all other creditors, including the banks and all other parties to the bill, without paying complainant and defendants Kennedy and Bromberg the amount of 30 per cent. on their respective claims as proved in the District Court in bankruptcy; that by so doing the banks have been guilty of a breach of trust; that the stockholders of the jewelry company are entitled to the surplus of any money arising out of the sale of the jewelry company's property, after creditors have been paid, in that such surplus belongs ratably to the stockholders of the jewelry company; that "by taking possession of the E. O. Zadek Jewelry Company, and of the lease of its store, and by the sale of its stock of goods belonging to the said E. O. Zadek Jewelry Company, said respondent banks prevented said E. O. Zadek Jewelry Company from further continuing its business"; that "by the acceptance of the said respondent banks of the said compromise agreement with the said E. O. Zadek Jewelry Company, and by the taking possession of all of the assets of said jewelry company, and by the conversion of them by said respondent banks, said jewelry company has been fully discharged from all further liability to said respondent banks, and is entitled to have surrendered to her [complainant], as president of the said E. O. Zadek Jewelry Company, all of the evidence of such past indebtedness of said E. O. Zadek Jewelry Company." Jabez M. Ponder is also made a party defendant, and the allegation as to him is that he was not a creditor, but that he (complainant), Kennedy, and Bromberg were all the stockholders of the jewelry company. The prayer is that the debts due to the banks be decreed to have been fully "liquidated," and the jewelry company discharged of all liability on those accounts; that the banks be decreed to surrender to complainant, "as president of the E. O. Zadek Jewelry Company," all promissory notes and other obligations which formed the basis of their claims against the jewelry company; that a reference be held to ascertain the value of the assets in the hands of the

banks and other amounts necessary to be ascertained; that the creditor parties to the bill be paid out of the assets in the hands of the banks; and for general relief. Kennedy and Bromberg answered, admitting the facts alleged in the bill, made their answers cross-bills, and prayed that their shares of stock, which had been pledged to the banks, be surrendered back to them, and for general relief. The foregoing statement will serve to disclose the nature of the claims propounded by the original and cross bills. The banks demurred to the original and cross bills, and from the decree overruling the demurrers the banks have prosecuted this appeal. The questions raised by the demurrers will sufficiently appear from our statement of the law of the case to follow.

[1-5] In so far as original and cross complainants seek relief as creditors of the Zadek Jewelry Company, that their debts be paid out of the assets of said corporation in the hands of the banks, and for an accounting to that end, and for a return to them of the shares of stock which they have pledged to the banks, the bills contain equity. Shareholders have as much right to contract with a corporation as if they were strangers, and so corporators may sustain the relation of debtor or creditor to the corporation. 7 R. C. L. p. 306. It is said in the brief for appellants that, if there was a wrongful disposition of the property of the jewelry company, as averred, the wrong, primarily, was against the company, as a corporate entity, and any suit for redress must be prosecuted in the name of the corporation; so, at least, in the absence of unusual circumstances which would render a suit by the corporation unavailing, or that the corporation would not act, and that, on the facts averred, the corporation had a plain, adequate, and complete remedy at law. A composition proceeding as provided by the Bankruptcy Act (U. S. Comp. St. §§ 9585–9656), and as ordinarily put into effect by the payment into court of the sum of money necessary to meet the claims of all creditors on the basis of agreement, has, upon confirmation by the court, the effect of restoring the bankrupt to his estate, free from the claims of creditors, and restores to him his right of action upon choses in action. A composition is in a sense a substitute for bankruptcy proceedings, and in a composition the creditor gets, not his share of the bankrupt's estate, but what he bargained for, and has no right to claim more. Cumberland Glass Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1042. An agreement of composition, entered into by a number of creditors, each acting on the faith of the engagement of the others, will, in the absence of the statute, be binding upon them all; for each has the undertaking of the others as a consideration for his own engagement; and the creditor who breaks the agreement perpetrates a

fraud upon those who adhere to it. 1 Smith's Lead. Cas. (9th Ed.) pp. 612, 628, 629. The effect of the Bankruptcy Act in this regard is to treat all creditors as a class and to enforce the will of the majority upon the minority. In other respects the right of contract remains unimpaired. Cumberland Glass Co. v. De Witt, supra. Assuming the facts averred in the bill, it hardly needs further argument to demonstrate that the assets of the jewelry company, as they reached the hands of the banks, were a trust fund for the benefit of all composition creditors, and that the case of complainants, original and cross, falls within the principle that, where two or more persons have a common interest in security, equity will not allow one to appropriate it exclusively to himself, or impair its value to the others (Jackson v. Ludeling, 21 Wall. 617, 22 L. Ed. 492), and the jurisdiction of equity to compel them to account cannot be doubted (Thompson v. Thompson, 107 Ala. 163, 18 South. 247; Chambers v. Chambers, 98 Ala. 454, 13 South. 674). It may be that a trustee who is empowered to sell is not chargeable with more than he has received, unless there is proof of gross negligence, amounting to willful default or actual fraud (Osgood v. Franklin, 2 Johns. Ch. [N. Y.] 1, 7 Am. Dec. 513); but a trustee who has made a wrongful sale is liable to account for the real value of the property instead of the price at which it is sold (39 Cyc. 364). Here the charge is, in effect, that the banks, holding the property of the jewelry company for the payment of all creditors, sold the same for greatly less than it was worth and to the exclusion of original and cross complainants. This brings the case within the authorities to which we have referred in definition of a breach of trust, nor was it necessary that the bills should aver that complainants were not willing or consenting parties to the wrong of which they complain. That will be a matter of defense. On the considerations stated we hold that the original and cross bills, in so far as they seek to enforce the individual rights of complainants, viz. the payment of their debts and the return of their certificates of stock, notes, etc., contain equity and are well pleaded.

[6] But appellants say that the original bill was defective for lack of a necessary party, viz. the Zadek Jewelry Company. In addition to the prayer for relief already considered and the facts averred in support thereof, the bill seeks to recover an alleged overplus of funds that will be left in the hands of the banks after all composition creditors shall have been paid and as well the return of all bills receivable and evidences of debt due the jewelry company which were turned over to the banks or their agent when they took possession of the company's business. This relief should have

been sought by the jewelry company, or, if stockholders would complain, an averment was necessary to the effect that the directing officials of the corporation had refused to move for the redress of the wrong or that action by them would avail nothing. Howze v. Harrison, 165 Ala. 150, 51 South. 614. Without intending to affirm that the relief sought in the corporate right might be had in the same proceeding with the relief which the original and cross complainants claim as creditors and otherwise as individuals, we note the fact that no dissolution of the corporation is sought, nor did the proceeding in bankruptcy operate a dissolution; for from it the jewelry company emerged with property and a right to continue its corporate functions. Its assets belong to the corporation, and not to the stockholders. It is a maxim too familiar to everybody to require the formality of explanation that a corporation is a person in law, distinct from all the members composing it. Cabot Bank v. Morton, 4 Gray (Mass.) 156, 159. As a rule, a cause of action belonging to the corporation cannot be asserted in any other name. No exceptional circumstances are alleged. Howze v. Harrison, supra. It follows that the bill, in so far as it seeks relief peculiar to the jewelry company, and avers facts to that end, is defective by reason of the fact that the jewelry company is not made a party. This we hold without intending, as we have said, to affirm that these matters may be joined in one bill; for a decree affecting the rights of complainants as individuals would not affect the rights sought to be enforced on behalf of the corporation, and vice versa.

In view of what has been said, it is not found necessary to pass upon appellees' motion to strike those assignments of error which relate to rulings on the demurrers to those parts of the bill by which complainants (appellees) sought relief as stockholders; and what has been said sufficiently indicates the opinion of the court on all questions raised by this appeal.

For the error pointed out, the decree must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.