(85 South. 552)

ZADEK et al. v. MERCHANTS' BANK OF MOBILE et al. (1 Div. 152.)

(Supreme Court of Alabama. May 14, 1920. Rehearing Denied June 30, 1920.)

1. Equity ⬤➡149—Bill by stockholders to redress individual and corporate wrongs multifarious.

Bill by stockholders to redress wrongs individual to them and wrongs against the corporation, no circumstances authorizing it being shown, is multifarious.

2. Corporations ⬤➡202—Wrongs to be redressed by action of corporation, and not of stockholder or director.

Stockholders or directors cannot sue to redress wrongs against the corporation, in absence of exceptional circumstances, which must be alleged, and this though it is made a party respondent.

3. Corporations ⬤➡617(2)—May, though dissolved, enforce rights.

Dissolution, by agreement, of a corporation under Code 1907, § 3510, as amended by Gen. Acts 1915, p. 52, leaves it, under section 3516 Code 1907, with power to enforce rights because of wrongs against it.

Appeal from Circuit Court, Mobile County; Claud A. Grayson, Judge.

Bill by Elizabeth G. Zadek and others against the Merchants' Bank of Mobile and others for an accounting and for discharge from further liability of complainants, to require respondents to deliver certain property and effects, and for other relief. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

Frederick G. Bromberg, Sullivan & Stallworth and Gaillard, Mahorner & Arnold, all of Mobile, for appellants.

Where two or more persons have a common interest in a security, a court of equity will not allow one to appropriate it exclusively to himself or to impair its value to others. 202 Ala. 492, 80 South. 876; 203 Ala. 21, 81 South. 811; 138 Ala. 134, 35 South. 50; 135 Ala. 302, 33 South. 659; 104 Ala. 263, 16 South. 97; 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107; 75 Ala. 546; 2 Ala. 571; 83 W. Va. 89, 97 S. E. 589; 1 Pom. Eq. Jur. §§ 137, 138, 147, 155, 170, 217–221. The facts of the bill make appellees ex maleficio trustees for appellant. 16 Ala. App. 619, 80

South. 623: 197 Ala. 457, 73 South. 92; 195 Ala. 309, 70 South. 159; 124 Ala. 341, 27 South. 309. The assets of the jewelry company were a trust fund for the benefit of all creditors. 143 Ala. 572, 42 South. 64, 5 Ann. Cas. 665; 176 Ala. 270, 57 South. 851; section 3509, Code 1907. The bill was amended properly to meet the decision on former appeal. Attention is particularly directed to the opinion on that appeal.

Smiths, Young & Leigh, of Mobile, for appellees.

The bill as amended is multifarious. 176 Ala. 99, 57 South. 763; 216 N. Y. 387, 111 N. E. 229. As to the other questions raised by the demurrer to the amended bill, they do not meet the requirements of the opinion on the former appeal. See, also, 87 Ala. 458, 6 South. 366; 94 Ala. 125, 10 South. 328.

McCLELLAN, J. This is the second appeal in this cause. Merchants' Bank et al. v. Elizabeth G. Zadek, 203 Ala. 518, 84 South. 715.

[1] An ample statement of the facts was made in the opinion delivered on former appeal. So far as presently pertinent, the general nature and objects of the amended bill and of the cross-bills are the same as they were before their amendment. After reversal, on December 23, 1919, the original bill was amended by adding the E. O. Zadek Jewelry Company as a party respondent; but no relief against that company was prayed in the amended original bill. The court below sustained the demurrers of the Merchants' and the First National Banks to the amended bill, containing grounds taking the objection that it was multifarious. The bill as amended by the addition of the jewelry company as a party respondent still embodies the effort to redress wrongs against the individual complainants and wrongs against the E. O. Zadek Jewelry Company, the corporation. In the former opinion it was held that the bill contained equity in so far as it sought redress of wrongs to the individual complainants and to enforce their individual rights in the premises. There was no ground in the demurrers then under review that took the objection that the bill was multifarious. This court, however, noting this possible objection, mooted its presence, and in the two statements pertinent to that matter so guarded the opinion's pronouncement and effect as expressly to disavow any intent to justify the joinder in one bill of causes of complaint by the individual complainants with causes of complaint that— unless excused by circumstances that would bring the cause within the doctrine of Howze v. Harrison, 165 Ala. 150, 51 South. 614, among many others—could be asserted alone by the corporation, the jewelry company.

The court did not, on former appeal, decide the question for the obvious reason that it was not raised by the demurrers to the bill. The intimation this court gave in the opinion on former appeal to the effect that such a joinder could not be sanctioned was directly justified by the ruling made in Empire Realty Co. v. Harton, 176 Ala. 99, 108, 109, 57 South. 763. The New York Court of Appeals recognized the same rule in Brock v. Poor, 216 N. Y. 387, 111 N. E. 229, 232.

[2, 3] The fact that the jewelry company was, after reversal, made a party respondent did not, of course, alter the status of the bill so as to avert the application of the stated rule. To assert the corporate rights, as distinguished from those of the individuals, the corporation must become the actor, unless exceptional circumstances, which should be averred, invest the individual stockholder or director with the power to assert the corporate right or to seek the redress of the corporate wrong. The dissolution, by agreement, of the corporation on December 31, 1919, under the act approved February 9, 1915 (Gen. Acts, p. 52, amending Code, § 3510), left it with the power to enforce whatever rights it has to redress. Code, § 3516; Pankey v. Lippman, 187 Ala. 199, 65 South. 771; Roe v. Durham, 195 Ala. 584, 71 South. 109.

The bill being multifarious, and thus subject to the demurrers of the appellees, and the reformation of the bill being necessary, it would now serve no useful purpose to consider the assignments directed to the trial court's action in respect of the cross-bills.

The decree is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.