(91 South. 815)

MERCHANTS' BANK OF MOBILE et al. v. ZADEK et al. (1 Div. 189.)

(Supreme Court of Alabama. Dec. 22, 1921.)

1. Appeal and error ⬩⬩724(2)—Rule complied with if errors stated concisely.

Code 1907, p. 1506, Supreme Court rule 1, is complied with if appellant states concisely in writing upon the transcript in what the error consists.

2. Equity ⬩⬩148(3) — Bill not multifarious though seeking inconsistent relief.

By Code 1907, § 3095, a bill is not multifarious which seeks inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction or relating to the same property between the parties.

3. Equity ⬩⬩148(3)—Bill for accounting and other relief held not multifarious.

A bill for accounting against trustees of a corporation, growing out of a composition settlement under bankruptcy proceedings, and requiring trustees from the proceeds of the sale of the property to pay the amount due complainant as composition creditor before settling with the company, and to declare paid notes given by the company, which were indorsed by complainant, and in custody of the trustees, and to direct that the notes be delivered to the company, held not multifarious.

---

⬩⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 175.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill by Elizabeth G. Zadek and others against the Merchants' Bank of Mobile and others, for discovery and an accounting as to the affairs of the E. O. Zadek Jewelry Company. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Smiths, Young & Leigh, of Mobile, for appellants.

The bill is multifarious, and the demurrers thereto should have been sustained. 203 Ala. 518, 84 South. 715; 204 Ala. 396, 85 South. 552.

Frederick G. Bromberg and Sullivan & Stallworth, all of Mobile, for appellees.

The bill conformed to the former opinion rendered in this case, and was not subject to the demurrer. 1 Brickell's Dig. 719, 721; authorities cited by appellant. The assignments of error are not sufficient to raise the proposition. 188 Ala. 218, 66 South. 434; 187 Ala. 480, 65 South. 397; 151 Ala. 316, 44 South. 53; 107 Ala. 412, 18 South. 170, 54 Am. St. Rep. 101; 92 Ala. 630, 9 South. 738; 57 Ala. 365; 75 Ala. 285; 85 Ala. 41, 4 South. 613.

MILLER, J. [1] This cause was submitted on motion to strike out the assignments of error, and on the merits. The rule is complied with if the appellant states concisely in writing upon the transcript in what the error consists. Code 1907, p. 1506, rule 1, Supreme Court.

The errors assigned by appellant are sufficiently definite and precise. They show the ruling of the court at which the appellants complain. They are in writing upon the transcript. They state concisely in what the error consists. The motion to strike out the assignments of error is overruled. Amerson v. Coronoa Coal Co., 194 Ala. 175, 69 South. 601.

This is the third time this cause has appeared in this court on decree on demurrers either to the bill of complaint as originally framed or as amended. We find it first in 203 Ala. 518, 84 South. 715 (Merchants' Bank of Mobile v. Zadek), and next in 204 Ala. 396, 85 South. 552. It is here now on demurrers to the bill of complaint as last amended. The court overruled the demurrers, and this decree is assigned as error.

The facts, appearing from the pleadings are clearly stated in the opinion on the first appeal, and it is not necessary to repeat them here. 203 Ala. 518, 84 South. 715. In the first opinion it was declared that the bill contained equity for an accounting to redress the alleged individual wrongs of complainant and others, as composition creditors of the E. O. Zadek Jewelry Company, a corporation, but that the corporation was a necessary party to the suit. The opinion intimated that the bill was probably multifarious by complainant seeking also as a stockholder of the Zadek Jewelry Company to redress alleged wrongs to the corporation. 203 Ala. 518, 84 South. 715.

In the second opinion, 204 Ala. 396, 85 South. 552, it was declared that complainant, a composition creditor of the Zadek Jewelry Company, a corporation, who was also a stockholder of the corporation, could not in the same bill seek redress for individual wrongs and wrongs against the corporation; no circumstances authorizing it being shown. The corporation alone could enforce whatever rights of redress it had; and neither its composition creditors nor its stockholders could do so. The bill as then amended was pronounced multifarious by that opinion. Zadek v. Merchants' Bk. of Mobile et al., 204 Ala. 396, 85 South. 552.

The bill has been again amended. The appellants insist that it is still multifarious. It seeks an accounting of the business by the respondents, the banks, as trustees of the E. O. Zadek Jewelry Company, growing out of the composition settlement under bankruptcy proceedings of the jewelry company, and requiring the trustees from the proceeds of the sale of its property to pay the amount due complainant as composition creditor before settling with the jewelry company, and to declare paid certain notes given by the jewelry company, which are indorsed by complainant and which are in the custody and control of the banks, respondents, as such trustees, and that the court direct that these notes be delivered to the maker, the Zadek Jewelry Company.

[2] A bill is not multifarious which seeks inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction or relating to the same property between the same parties. Section 3095, Code 1907.

[3] This complainant individually is interested in this property of the jewelry company or its proceeds in the hands of the bank respondents as a composition creditor of the jewelry company. This complainant, as an indorser of the notes made by the jewelry company, which are in the possession and control of the same respondents, is also interested individually in said property, the assets of the jewelry company in the hands of said respondents. She can seek in this bill both reliefs, because the same property in possession of the same parties affects both of her interests as composition creditor and as indorser, and because the notes indorsed by her are in possession and control of the same parties who have possession of the property, and because, while in the bill she

avers all the notes described should be surrendered to the jewelry company, yet in the prayer she asks that those notes indorsed by her only be surrendered.

The bill as last amended conforms to the law expressed in the opinions heretofore written in this cause (203 Ala. 518, 84 South. 715; 204 Ala. 396, 85 South. 552), and the court below did not err in overruling the demurrers to it.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.