**HANSSEN et al. v. WINGREN.**

No. 2245.

Circuit Court of Appeals, Tenth Circuit.

July 18, 1941.

Rehearing Denied Aug. 25, 1941.

Victor A. Miller, of Denver, Colo. (Albert J. Gould and Thos. Keely, both of Denver, Colo., on the briefs), for appellants.

Norma L. Comstock, of Denver, Colo. (John W. Shireman, of Denver, Colo., on the brief), for appellee.

B. F. Napheys, Jr., of Denver, Colo. (Ernest L. Rhoads, of Denver, Colo., on the brief), amicus curiae.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNAMER, District Judge.

FRANKLIN E. KENNAMER, District Judge.

The Mutual Investment and Security Company was engaged in a general real estate, mortgage and investment business. It converted to its own use securities owned by several of its customers, including appellants.

In proceedings for the company's reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the claims of these customers were established and were secured by a lien on the company's assets prior in rank to the claims and liens of certain other creditors. The plan was consummated in part. More than two and one-half years after confirmation of the

plan the debtor was adjudicated a bankrupt.

The Referee in Bankruptcy ruled that the order confirming the plan was of no binding force in bankruptcy, refused to recognize the lien and priority awarded appellants under the plan, and relegated them to the position of general unsecured creditors. The learned trial court affirmed. Hence this appeal.

In support of the judgment below, appellees urge that appellants had no vested rights of priority prior to the order of confirmation, that the order of confirmation was but a step in the reorganization proceedings and was not a final judgment (Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 80 L.Ed. 557; In re Deep Rock Oil Corporation, 10 Cir., 113 F.2d 266); that there is no vested right in priorities under a bankruptcy act (Kuehner v. Irving Trust Co., 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340; Carpenter v. Wabash R. Co., 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558); that if the confirmed plan be considered as a contract, it may be impaired by exercise of the bankruptcy power (Campbell v. Alleghany Corp., 4 Cir., 75 F.2d 947; Thompson v. Siratt, 8 Cir., 95 F.2d 214); and that any lien acquired by appellants under the plan was subject to the implied condition that the law might be changed. Ginsberg v. Lindel, 8 Cir., 107 F.2d 721; In re Chicago, R. I. & P. Co., 7 Cir., 90 F.2d 312, 113 A.L.R. 487. The Chandler Act was passed subsequent to the entry of the order of confirmation. Under that Act the order of adjudication relates back to the date of the filing of the petition in the reorganization proceeding, and appellees urge that under both the old and the new act the priority of debts must be determined "as provided in Section 64 [section 104 of this title]." Section 77B, sub. k, 11 U.S.C.A. § 207, sub. k; Bankruptcy Act, Ch. X, Art. XII, §§ 236(2) and 238, 11 U.S.C.A. §§ 636 (2), 638; In re Higgin Mfg. Co., D.C., 19 F. Supp. 120; In re Columbia Ribbon Co., 3 Cir., 117 F.2d 999. The conclusion is that under Section 64, 11 U.S.C.A. § 104, appellants' claims are not entitled to any priority.

Appellants rely upon the analogy between a confirmed plan and a composition (Continental Illinois Bank v. Chicago, R. I. R. R., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Canada Southern R. Co. v. Gebhard, 109 U.S. 527, 3 S.Ct. 363, 27 L.Ed. 1020; Cobb v. First Nat. Bank, D.C., 263 F. 1000) which partakes of the nature of a contract (Myers v. International Trust Co., 273 U.S. 380, 47 S.Ct. 372, 71 L.Ed. 692) and binds creditors even in the absence of statute (Merchants' Bank v. Zadek, 203 Ala. 518, 84 So. 715); and also upon § 77B, sub. g that upon confirmation, the plan shall be binding on the debtor, stockholders and creditors. They contend that after confirmation the court could not materially alter the plan (In re Diana Shoe Corp., 2 Cir., 80 F.2d 92; In re Pilsener Brewing Co., 9 Cir., 79 F.2d 63) and that the lien granted them could not be divested because of constitutional limitations. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106.

In our view of the case it is unnecessary to decide these interesting questions raised by the parties.

The fact situation here is unusual, and the plan approved and partially consummated in the reorganization proceedings was not in the usual form. There is more involved than the effect to be given an order confirming a plan, or the right of a court to revoke an order confirming a plan.

At the time the petition in the section 77B proceeding was filed (Dec. 13, 1935) appellants might have been able to establish a right to priority on the trust fund theory, by showing augmentation of the debtor's assets. Appellees concede as much. In that event certain valuable rights would have accrued to them. Some of these rights were, or may have been, lost by their acceptance of the plan of reorganization and its partial consummation extending over a period of nearly three years. There was a shrinkage in the debtor's assets through sales and use of the proceeds to pay various claims. As provided in the plan, assets were sold to raise a $35,-000 fund which was used to pay taxes, reorganization expenses, administration costs, delinquent mortgage interest and claims (not including appellants) which would have been entitled to priority over existing mortgages had a receiver been appointed on Dec. 13, 1935; some of the properties of the debtor were conveyed to lien creditors in satisfaction of their liens, and other claims were settled by payment or execution of mortgages on certain of the debtor's properties. According to the plan, out of sales of the debtor's properties by the trustee, provision was made for pay-

ment of interest, taxes, repairs and necessary expense in connection with the debtor's holdings, and in addition 5% of the sales price and of income was paid to the debtor, and the balance was applied in part payment of the claims of appellants and those in like position. Thus others were paid substantial sums which appellants might have received had they demanded the full measure of their legal rights. The debtor's financial position on the date of adjudication was substantially different from that on the date of confirmation of the plan. The plan, to a large extent, had been consummated. The impossibility of placing appellants in statu quo is apparent. The other creditors must be held to knowledge of all this, and to knowledge that there was a possibility the debtor's assets would be insufficient to pay all claims provided for in the plan, in which event appellants would first be paid and those in the junior position would take nothing. As the possibility neared actuality, they sought to avoid the consequences, and under the decree below, have done so successfully.

It has always been the law that proceedings in bankruptcy are equitable in their character and that the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. is to be administered in accord with the general principles and practices of equity, subject of course to any specific limitations in the Act. Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195. Because of equitable considerations a court of bankruptcy may disallow or subordinate a claim which in equity and good conscience should not be allowed or paid on a parity with other claims. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. Compare Taylor v. Standard Gas & Elec. Co., 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669.

That appellants have provable claims within the purview of Section 63 of the Bankruptcy Act, 11 U.S.C.A. § 103, is attested by the fact that the Referee allowed their claims. He denied them any lien or priority. Otherwise stated, he decided that the claims of creditors included in Section IX of the plan should be allowed as on a parity with the claims of creditors included in Section VIII of the plan. We think this was error, and that equitable considerations require the claims of creditors of the class included in Section IX of the plan be subordinated.

We conclude that the order appealed from should be and is reversed and the cause is remanded to the lower court for further proceedings consistent with this opinion.