Robert S. Ramsey filed an action against Richard Taylor, alleging breach of a contract that Taylor had entered into with Ramsey Middlebrooks, P.C., a professional corporation organized for the practice of law in which Ramsey, a practicing attorney, owned 51% of the shares of stock. Buster Middlebrooks, a practicing attorney, owned 49% of the shares. The trial court granted Taylor's motion for summary judgment, and Ramsey appeals.
Richard Taylor is a licensed practicing attorney in Mobile. In January 1988, while working as a sole practitioner, he began representation of a plaintiff, Mr. Billy Gill, in a personal injury action. Taylor realized that he would need assistance in Gill's case and accordingly entered into a contract with Ramsey Middlebrooks, P.C. That contract outlined the terms of the corporation's association with Taylor in the Gill case. Gill was to remain Taylor's client.
In July 1988, Ramsey withdrew from Ramsey Middlebrooks, P.C., and tendered all of his shares of stock in the corporation. Ramsey made arrangements with Middlebrooks regarding the handling of the Gill case and the division of any proceeds received from it. The name of the corporation was changed to Middlebrooks Fleming, P.C. and Middlebrooks became the sole stockholder and president of the corporation. Charles Fleming was another lawyer who worked for Ramsey 
Middlebrooks, P.C., and who had worked extensively with Taylor on the Gill case.
Shortly after Ramsey left Ramsey Middlebrooks, P.C., Taylor terminated his contract with that corporation. Taylor asked Ramsey to prepare a bill for the expenses and hourly work due the corporation on the Gill case. Taylor paid the corporation for its expenses; however, Ramsey never submitted a bill for hourly fees that Taylor owed the corporation, and Taylor did not pay Ramsey Middlebrooks, P.C. for any such fees.
After Ramsey left the corporation, Fleming performed some additional work on the Gill case. In August 1988, Middlebrooks Fleming, P.C., entered into a contract with Taylor to continue work on the Gill case on a contingency basis. The Gill case was settled in March 1989, and Taylor paid Middlebrooks 
Fleming, P.C., its contingency fee in accordance with the contract.
Ramsey filed this action against Taylor, not Middlebrooks. He seeks no recovery from Middlebrooks, with whom he alleges that he had an agreement to split the proceeds of the fees from the Gill case, but instead he seeks recovery from Taylor for Taylor's alleged breach of the contract with Ramsey 
Middlebrooks, P.C. *Page 1327 
Ramsey, through this action, seeks in his individual capacity to enforce the rights of Ramsey Middlebrooks, P.C. He cannot bring a shareholder's derivative action, because he was not a shareholder of that corporation at the time the action was filed. Rule 23.1, A.R.Civ.P.; Green v. Bradley Construction,Inc., 431 So.2d 1226, 1229 (Ala. 1983). Accordingly, the threshold inquiry is whether Ramsey may otherwise bring this action on behalf of the corporation.
According to Rule 17(a), A.R.Civ.P., an action must be prosecuted in the name of the real party in interest. Ramsey's action arose out of a contract entered into by Taylor with Ramsey Middlebrooks, P.C., not with Ramsey individually. It has long been settled that "[a] corporation, just like an individual, must enforce its own rights and privileges."Russell v. Birmingham Oxygen Service, Inc., 408 So.2d 90, 93
(Ala. 1981). There is nothing in the record to indicate that Ramsey and not the corporation is the real party in interest. Accordingly, the action for breach of contract would be properly brought by the corporation, not by Ramsey. Rule 17(a), A.R.Civ.P.; Dean v. Sfakianos, 472 So.2d 1009, 1012 (Ala. 1985). See also Zadek v. Merchants' Bank of Mobile, 204 Ala. 396,85 So. 552, 553 (1920); Stevens v. Lowder, 643 F.2d 1078, 1080
(5th Cir. 1981).
Ramsey argues, nevertheless, that he was an intended third-party beneficiary of the contract between Taylor and the corporation and is therefore entitled to bring this action for breach of contract. In Collins Co. v. City of Decatur,533 So.2d 1127, 1132 (Ala. 1988), we discussed what one must prove in order to recover as a third-party beneficiary:
 " 'To recover under a third-party beneficiary theory, the complainant must show: (1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the complainant was the intended beneficiary of the contract; and (3) that the contract was breached.' "
Citing Sheetz, Aiken Aiken, Inc. v. Spann, Hall, Ritchie,Inc., 512 So.2d 99, 101-02 (Ala. 1987).
If the benefit to the third person is not intended to be a direct benefit but rather to be merely an incidental benefit, the third person is not entitled to recover under a third-party beneficiary theory. Collins Co., at 1132; Stacey v. Saunders,437 So.2d 1230, 1232 (Ala. 1983). Nothing in the record indicates that the contract was intended to benefit Ramsey as an individual directly. Indeed, the contract is addressed toward benefiting Ramsey Middlebrooks, P.C., which, of course, would incidentally benefit Ramsey as an individual, because he was the majority stockholder in the corporation.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.