(96 South. 410)

MIDDLEBROOKS v. MOORE–HANDLEY HARDWARE CO. et al.
(4 Div. 23.)

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied May 24, 1923.)

1. Equity ⬅️275—Bill and amended bill construed together as constituting one pleading.

An original and amended bill are to be regarded simply as an entire bill, consisting in fact of but one record, and where the complainant fails to evidence his purpose to proceed entirely upon the amended bill, his pleadings will be taken as constituting but one bill of complaint.

2. Equity ⬅️275—Amendment not abandoning original bill calls for construction of both as one pleading.

Where there was nothing in either the introductory recital or in the substance of an amendment to a bill of complaint in equity to indicate any purpose to abandon the original bill and proceed upon the amendment alone, the allegations of the original and amended bills will be construed together as constituting one bill.

3. Equity ⬅️117, 275—Amendment bringing in new parties not subject to objection by parties to original bill, nor an abandonment of it.

An amendment to a bill in equity to set aside certain conveyances, bringing in new parties with the allegations that they claim an interest in the land alleged to have been fraudulently conveyed, in order that they may propound their claim and have it adjudicated, is not an abandonment of the original bill as previously amended, and any failure of such last amendment of the bill to sufficiently allege that such new parties are interested in the subject-matter of the suit and therefore proper parties, is an objection available to such new parties alone, and cannot be complained of by the original parties.

4. Appeal and error ⬅️880(2) — Appellants cannot complain of error affecting exclusively another party.

On appeal by defendants from an order overruling their demurrers to a bill in equity as amended, appellants cannot complain that the bill as amended shows no right to relief as against a codefendant, who prosecutes no appeal from the order overruling her demurrer.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill of the Moore-Handley Hardware Company against E. A. Middlebrooks and others. From a decree overruling demurrers to the bill, respondent E. A. Middlebrooks appeals. Affirmed.

The original bill in this case was filed by Moore-Handley Hardware Company against W. T. Middlebrooks, E. D. Middlebrooks, L. M. Middlebrooks, H. E. Middlebrooks, Houston National Bank of Dothan, Ala., and Dothan National Bank of Dothan, Ala., and sought to set aside certain conveyances made by W. T. Middlebrooks and wife, E. D. Middlebrooks, to L. M. Middlebrooks and Houston National Bank of Dothan, and Dothan National Bank of Dothan.

The bill was demurred to by the separate respondents, and the demurrer of Houston National Bank and Dothan National Bank was overruled, while the demurrer of W. T. Middlebrooks was sustained.

Before this demurrer was passed on by the court the First National Bank of Rome, Ga., Denny & Wright, and F. E. Matthews filed a petition to intervene in said cause as parties complainant, and an order was duly made by the chancellor granting this petition of intervention.

Later the bill was amended by the original complainant, Moore-Handley Hardware Company, so as to meet the defect pointed out by the decree of the court in sustaining the demurrer of the respondent W. T. Middlebrooks to the original bill. The bill as then amended was demurred to by the separate respondents, and this demurrer was overruled by the court.

Complainants then filed an amendment to the bill of complaint, to which respondents Dothan Bank & Trust Company, Malone Bros., W. T. Middlebrooks, L. M. Middlebrooks, H. E. Middlebrooks, E. A. Middlebrooks, W. E. Middlebrooks, M. E. Cheshire, C. V. Trammell, Z. E. Middlebrooks, Houston National Bank, and Dothan National Bank demurred, and this demurrer was overruled by the court. This appeal is prosecuted from

a decree of the court overruling the demurrer of the respondent E. A. Middlebrooks to the bill as last amended, the said E. A. Middlebrooks being brought into the case only by the last amendment.

The demurrer of respondents presents two contentions: (1) That there is an entire change of parties respondent, in that the respondents to the original bill were W. T. Middlebrooks, E. D. Middlebrooks, L. M. Middlebrooks, H. E. Middlebrooks, Houston National Bank, and Dothan National Bank, while the respondents to the bill as last amended are Clayton Banking Company, Dothan Bank & Trust Company, Malone Bros., E. A. Middlebrooks, W. E. Middlebrooks, M. E. Cheshire, C. V. Trammell, W. T. Carroll, and Z. E. Middlebrooks, and that none of the parties respondent to the original bill of complaint are made parties respondent to the bill as last amended. (2) That the circuit court of Houston county, Ala., has no jurisdiction to set aside conveyances made to lands situated in other counties than Houston.

The amended bill, which the demurrer attacks, begins as follows:

"Come the complainants, before the submission of this cause on the merits for final decree, and amend the bill as heretofore amended as follows."

The pleader then alleges the names, ages, and places of residence of certain persons, firms, and corporations; and then attacks certain conveyances made by W. T. Middlebrooks and wife, E. D. Middlebrooks, to the persons, firms, and corporations set out in paragraph A1 of the amended bill. He prays that Clayton Banking Company, a corporation, Dothan Bank & Trust Company, a corporation, Malone Bros., E. A. Middlebrooks, W. E. Middlebrooks, M. E. Cheshire, C. V. Trammell, W. T. Carroll, and Z. E. Middlebrooks "each be made parties respondent hereto." He further prays that an equity summons issue and be served upon each of them as required by law; that they be each required to answer the bill in this case as heretofore and herein amended, within the time allowed by law, or that the same be taken as confessed against them; that the conveyances named in the amendment be decreed to be null and void; that the lands described in the amendment and those described in the original bill be subjected to the payment of the debts owing to complainants; and for general relief. The footnote to the bill is:

"The respondents are each required to answer the allegations of the bill in this cause as heretofore and herein amended, and each and every paragraph therein, but not under oath, their oaths being waived."

Farmer, Merrill & Farmer, of Dothan, for appellant.

Amendments which would divest a bill of all its original defendants, and make a new case against new defendants, cannot be allowed. Leggett v. Bennett, 48 Ala. 380; Rapier v. Gulf City Paper Co., 69 Ala. 476.

Martin & Crawford and B. F. Reid, all of Dothan, Sollie & Sollie, of Ozark, and Steiner, Crum & Weil, of Montgomery, for appellee.

The amendment made did not substitute a new case or amount to a departure from the original bill, but the effect was to add new parties defendant and pray for substantially the same kind of relief contemplated in the original bill. The effect of such an amendment is merely to enlarge the scope of the same suit as to subject-matter and parties. Collins v. Stix, 96 Ala. 338, 11 South. 380; Vandeford v. Stovall, 117 Ala. 344, 23 South. 30; Code 1907, § 3126.

SOMERVILLE, J. [1] It is a general rule in a court of equity that an original and amended bill are to be regarded simply as an entire bill, consisting in fact of but one record (Adams v. Phillips, 75 Ala. 461; Ray's Adm'r v. Womble, 56 Ala. 32, 37); and when a complainant intends to proceed entirely upon an amended bill, he should have the original bill stricken, failing in which "the two together are to be taken as constituting the bill of complaint in the cause" (Brackin v. Newman, 121 Ala. 311, 26 South. 3).

[2] There is nothing in either the introductory recital or in the substance of the last amendment to the bill of complaint which indicates any purpose to abandon the original bill and proceed upon the amendment alone. On the contrary, the amendment was upon its face a mere addition to the original bill as first amended, for it refers in terms to the lands "described in the original bill," and requires the respondents "to answer the allegations of the bill in this cause as heretofore and herein amended." It is worthy of note also that the paragraphs of the amendment are numbered A1 to A7, indicating the idea of addition and not substitution.

There is a palpable difference between "amending a bill as follows," and "amending a bill so as to read as follows," or "filing an amended bill as follows." In the two latter cases, the contrary not appearing, it might very well be inferred that the amended bill thus presented is intended as a complete substitute for the original bill; but amending the bill properly means no more than adding to or changing it within its original structure.

[3] There is no merit in appellant's contention that the last amendment operated as an

abandonment of the original bill as first amended, and thereby effected a complete change of parties respondent. The amendment in question brings in several new parties respondent, with the allegation that they claim an interest in the lands alleged to have been fraudulently conveyed to W. E. Middlebrooks, and that complainants do not know the nature, character, or extent of their claim, but make them parties in order that they may propound their claim and have it adjudicated.

If this allegation does not sufficiently show that those respondents are interested in the subject-matter of the suit, and are therefore proper parties, it seems clear that that objection is available to them alone, and cannot be complained of by the appellant, Middlebrooks.

[4] The same is true of the contention that the bill, as amended, shows no right to relief against Mrs. M. E. Cheshire, who is not complaining of the action of the trial court in overruling her demurrer, and is not appealing from the judgment. However she might be affected by that adverse ruling, it was not prejudicial to this appellant, and is not available to him here.

We find no error prejudicial to appellant, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.