169 So. 232

## McGOWIN v. McGOWIN et al.

### 3 Div. 179.

Supreme Court of Alabama.

June 25, 1936.

C. B. Fuller, of Andalusia, for appellant.

602

McMillan & Caffey, of Brewton, for appellees.

GARDNER, Justice.

The appeal is from a decree sustaining defendants' demurrer to complainant's amended or substituted bill, and dismissing the same out of court.

Complainant is shown to be the widow of S. L. McGowin, who died in September, 1928, owning and in possession of certain real and personal property described in the substituted bill, with particular description of the realty, upon a portion of which he resided as a homestead with complainant.

The primary purpose of this amended bill is the same as that of the original—securing to the widow and minor child homestead and personalty exemptions, and to the widow her dower rights in the estate of her deceased husband.

It is also charged that the estate is insolvent, and accounting by the administrator is sought for the ascertainment of the status of the estate in that respect. Sections 7918–7922, Code, 1923.

The equity of such a bill is not to be questioned. Hames v. Irvin, 214 Ala. 422, 108 So. 253; O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205.

In the original bill there was reference to a written instrument, to which complainant's signature was obtained by misrepresentation, which she later learned was a deed of trust, and the cancellation thereof for fraud is among the matters in the prayer for relief. It was not made an exhibit, but the learned chancellor in his opinion refers to the fact that on the hearing of a contempt proceeding against the administrator, such a deed was exhibited. The substituted bill here for review omitted all reference to any such instrument, leaving that matter to be brought forward by defendants in their defense, similar to the

course pursued in Richter v. Richter, 180 Ala. 218, 60 So. 880. This she had a right to do. Our amendment statute (sections 6556, et seq., Code, 1923) "is 'broad and liberal,' and its administration has been and must continue to be characterized by the same liberal spirit and beneficent purpose that inspired its adoption. * * * 'To make an amendment improper, it is not enough that there be a mere inconsistency, or repugnancy of allegation; there must be an inconsistency or repugnancy of the purposes of the bill, as contradistinguished from a modification of the relief.'" Ex parte Delpey, 188 Ala. 449, 66 So. 22, 23.

■ As previously noted, the purpose of the substituted bill is in essence identical with that of the original bill, and that the amendment comes well within the influence of our statute is not questioned. Alabama T. & I. Co. v. Hall & Farley, 152 Ala. 262, 44 So. 592; Ex parte Delpey, supra.

The view prevailed, however, in the court below, that reference by complainant to the deed, as above indicated, as well as the fact that such a deed had been exhibited in the contempt proceedings, were matters binding on complainant to be considered on determination of the demurrer to the substituted bill, which omits all reference thereto.

■ We think this is a misinterpretation of our amendment statute. The amended or substituted bill here considered was intended as a substitute for all previous pleading, and the averments thereof constitute all that was before the court on the ruling on the demurrer. An apt illustration is to be found in Johnson v. Porterfield, 150 Ala. 532, on page 537, of the opinion, 43 So. 228. Further illustrations are Handy v. Gray, 207 Ala. 615, 93 So. 614, and Barnett v. Dowdy, 207 Ala. 641, 93 So. 638, to the effect that facts in pleas and answers respectively are not to be considered on demurrer to the bill. The ruling is confined to averments of the bill and exhibits thereto. Hyatt v. International Agricultural Corporation, 230 Ala. 153, 160 So. 227; Samples v. Grizzell, 230 Ala. 176, 160 So. 538. And such is the rule observed generally. 21 Corpus Juris 432, 433.

But it is insisted that the court takes judicial knowledge of its own records, and, therefore, these matters are to be considered in passing on the demurrer, under the authority of Wade v. Kay, 210 Ala. 122, 97 So. 129. That case involved the enforcement of a lien for an attorney's fee, and was treated as "an appendage to the main proceedings"—the administration of an estate—in which proceeding a decree had been rendered favorable to petitioner's client. The petition failed to so allege, and the holding was that the court having rendered such a decree in the same administration was bound to know that fact, and therefore bound to decree upon the demurrer in the light of that knowledge. We think the case is readily distinguishable. Here, there has been no adjudication, and no action of the court upon the matter of said deed. Complainant was in the exercise of her legal statutory right in amending her pleadings, so as to omit any reference thereto. To hold her bound by such a reference in the original bill, is but to deny the right of amendment to which she was entitled. And by omitting reference to the deed, complainant but shifts that matter to defendants by way of defense in the same manner that a judgment creditor places upon a defendant in a bill to set aside fraudulent conveyances the burden of setting up in his answer the property was the homestead of the debtor. Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433; Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239.

■ Like reasoning, as above, would deny to the court the right to consider, on demurrer to the bill, the fact that such a deed was exhibited in a contempt proceeding. And it may also be observed that any reference in the first instance to such a deed was in repudiation thereof, and that we are here concerned with complainant's right of amendment and conduct of her cause.

■ The suggestion that the averment in the bill as to complainant's abandonment of the homestead may properly be construed as showing a conveyance of her rights, is also without merit.

But the language of the bill is plain, and leaves no room for doubt of its meaning, that is, that complainant was forced by the conduct of defendant Bruce McGowin to leave the premises, "driven from her home," and that when she returned defendant S. L. McGowin denied her entrance.

604

That the bill names all the heirs of S. L. McGowin, deceased, giving their age and place of residence, when known, is not questioned. Among these heirs is Irene Carmack, named in the first paragraph with the other heirs, who are "prayed to be made parties respondent to the bill." But in the prayer for process, her name was evidently overlooked, and does not appear, though she has appeared and interposed demurrer to the bill. By reason of this oversight the insistence is that all the heirs are not made parties respondent under rule 17, Chancery Practice, and the cases of McDonald v. McMahon's Adm'r, 66 Ala. 115; Martin v. Baines, 217 Ala. 326, 116 So. 341; Abrahams v. Abrahams, 219 Ala. 533, 122 So. 625. But these authorities involved no such situation as here presented, which is aptly illustrated by Jackson v. Putman, 180 Ala. 39, 60 So. 61, where the rule and some of the older authorities are noted, and where it is disclosed that no such effect, as here contended for, will be given the rule when one voluntarily appears and interposed demurrers. But all of this may here be laid aside for the reason there is no sufficient specific assignment of demurrer taking the point, such as was interposed in Jackson v. Putman, supra. All necessary parties were named in the bill, and the only assignment of demurrer which may be said to effect this matter is assignment 3 that "all necessary parties are not made parties thereto." To illustrate that the assignment should have been more specific, as required by our statute (section 6553, Code) is that noted in the Jackson Case, supra, where the opinion states that the "absence of a specific prayer for process against them was pointed out in a demurrer." Such an assignment would have directed complainant's counsel to the oversight in the prayer for process, which the assignment in general language and by way of conclusion, failed to call to his attention. This point is also without merit.

Our conclusion is, therefore, that the bill was not subject to any of the assignments of demurrer interposed.

Let the decree stand reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER JJ., concur.