181 So. 260

**BATSON v. GRAHAM et al.**

I Div. 993.

Supreme Court of Alabama.

May 12, 1938.

Geo. A. Sossaman, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellees.

BOULDIN, Justice.

The appeal is from the decree of November 15, 1937, sustaining demurrers to the bill as last amended, filed September 3, 1937.

Such appeal presents for review that decree only, and does not bring up former decrees sustaining demurrers to the original bill, or the bill as theretofore amended.

The equities sought to be enforced by complainant, C. D. Batson, grew out of an instrument in writing, made exhibit to the bill, which reads:

"This agreement made and entered into this 20th day of February, 1929 by and between J. W. Graham, party of the first part, and C. D. Batson, party of the second part, witnesseth:—

"Whereas the party of the first part is the legal owner of that lot of land in the County of Mobile, Alabama, described as the South West quarter of the South West quarter of Section 31 Township 3 South Range 2 West, and

"Whereas said property was bought with money contributed equally by parties of the first and second part, and the party of the first part in order to contribute his one half share placed a mortgage upon said entire property for the sum of $1,100.00, and

"Whereas the parties hereto are desirous of placing of record the agreement where-

by the interest of each of the parties hereto in said land may be known,

"Now this agreement hereby acknowledges that said parties of the first and second part are equally interested in said land and any improvements now thereon and that may be hereafter placed thereon, and the party of the first part agrees to convey to the party of the second part, upon demand, an undivided one half interest in and to said land and improvements, free of all encumbrance.

"It is further understood and agreed that the mortgage for $1100.00 now upon said land, as between the parties hereto, is upon the one half interest of the party of the first part only, and that party of the second part now owns an undivided one half interest in said property free of all encumbrances, and that in the settlement of these interests, or in any partition or sale for division of said property, that the said mortgage will be paid entirely out of the one half interest of the party of the first part.

"It is further understood and agreed that the party of the first part, in consideration of his use of said land, will pay all taxes thereon as they become due, and if he fails to do so then the party of the second part may pay them, and for any sum so paid by him he shall have a lien upon the interest of the party of the first part in said property, and upon a settlement of said interests he shall be re-paid any sums so expended, with interest, out of the one half interest of the party of the first part."

Pauline Graham, wife of J. W. Graham, joined in the execution of the instrument for the purpose of conveying dower or homestead rights in the one half interest of complainant.

The bill avers that complainant made demand upon respondents, J. W. and Pauline Graham, on June 13, 1936, for a deed of conveyance of an undivided half interest in the lands, which they have failed and refused to execute. The bill then avers:

"That there is a mortgage now upon said land to the Respondent The Federal Land Bank of New Orleans, in the sum of $1,100.00 upon which some money has been paid upon the principal but Complainant is uninformed as to the amount thereof.

"Four.

"Complainant further shows unto the Court that he desires a partition of said property and the assignment to him of one half of said land free from the incumbrance of said mortgage."

Complainant prays for an ascertainment of the amount of the mortgage debt, an order fixing a reasonable time within which J. W. Graham shall pay same. In case of default, on his part, complainant prays that he be required to pay same, and, upon payment of the mortgage debt, the lands be partitioned.

In case complainant pays such debt, the bill prays that a lien be declared in his favor on the parcel allotted to J. W. Graham on partition, and such lien be foreclosed. There is a prayer for general relief. The Grahams interposed a demurrer for want of equity.

Other grounds of demurrer are that the complainant has no perfect equity in any portion of the lands; has neither a legal title nor the right to the immediate possession of the lands or any portion thereof. Other grounds assert that for aught appearing the mortgage to the Federal Land Bank is past due, the legal title and right of possession is in said bank, or the actual possession is in said bank.

The bill may be designated as one for the partition of lands between tenants in common, and as incident thereto the adjustment of all equities between the parties to the suit. The written agreement quite clearly and fully defined the equities as between the parties thereto.

Notwithstanding there was then an outstanding mortgage admittedly a good security upon the entire property as against all the parties to this agreement, the mortgagor covenanted with his copurchaser to convey, on demand, an undivided half interest in the property free of all incumbrance. Further stipulations look to a partition while the mortgage is still outstanding.

█ If, by the terms of the mortgage, the mortgagor had disabled himself to perform his contract with complainant, this does not appear from the face of the bill. Such matter would be defensive, not ground of demurrer on the part of him who executed the agreement.

As for these demurrants, complainant has perfected his right to an unincumbered title to a half interest in this property carrying an immediate right of possession.

█ Ignoring, for purposes of argument, the fact that the mortgagee interposes no

demurrer, it is quite clear that complainant has all the equities of a vendee from the mortgagor in protecting his property against foreclosure under the mortgage. This includes an equitable right to remove the incumbrance on the same terms as the mortgagor himself, and so protect his possession against any possessory right of the mortgagee arising from a default.

We find no trouble in the stipulation in the agreement giving Graham the use of the land in consideration of payment of the taxes thereon.

This is to be construed in connection with the stipulation for a deed passing an unincumbered title on demand, which would carry a right of possession, and the further stipulation looking to a partition while the mortgage was still outstanding.

In view of the fact that the mortgage passed the legal title and was an incumbrance on the property as a whole, the offer of complainant to pay the mortgage debt, first giving the mortgagor privilege of so doing, was entirely appropriate.

The power to do complete equity in declaring a lien by way of subrogation in favor of complainant for his outlays in removing the mortgage incumbrance, and enforcing such lien, is well established.

Partition between joint owners of real estate is matter of right. The bill discloses such joint ownership of an equitable title with present right of possession conditioned upon doing equity in the premises, as will support a bill for partition drawing within the jurisdiction of the court the adjustment of all equities and the granting of full relief. Code 1923, §§ 9331, 9334, with annotations in Michie's Code; Gore v. Dickinson, 98 Ala. 363, 11 So. 743, 39 Am.St.Rep. 67; Sandlin et al. v. Anders et al., 210 Ala. 396, 98 So. 299; Strickland et al. v. Carroll, 228 Ala. 498, 154 So. 109; Cook v. Kelly et al., 200 Ala. 133, 75 So. 953.

The court below erred in his decree sustaining the demurrer.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.