6 So.2d 421

## COVINGTON et al. v. ROBINSON.

### 5 Div. 364.

Supreme Court of Alabama.

Feb. 19, 1942.

Reynolds & Reynolds, of Clanton, for appellee.

Gerald & Gerald, of Clanton, for appellants.

BOULDIN, Justice.

Action for malicious prosecution based on the suing out of a writ of garnishment on a judgment.

■ The burden is on plaintiff to aver and prove the essential elements to such cause of action, namely:

"(1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) the suffering of injury or damage as a result of the action or prosecution complained of." Turner v. J. Blach & Sons, Inc., ante, p. 127, 5 So.2d 93, 94.

■ An unsatisfied judgment is evidence of a demand against the judgment debtor, which will prima facie support a garnishment proceeding thereon, upon making the affidavit prescribed by Section 8053, Code of 1923, Code 1940, Tit. 7, § 997. A discharge of the judgment debtor in bankruptcy proceedings affords him a complete legal defense, if he chooses to avail himself of it. The remedy upon the debt, and the legal, but not the moral, obligation to pay are at an end. The debt itself is not extinguished as a moral obligation and will support a valid new promise. 6 Am. Juris, p. 802, § 484.

■ A discharge in bankruptcy must be specially pleaded and proven, otherwise it is waived. No odium attends the pleading of such discharge. The law has created this defense on behalf of insolvent debtors as a matter of public policy. 6 Am.Juris, p. 827, § 522.

■ But since it is matter for special plea, if the judgment creditor has no actual notice of the bankruptcy proceedings, he cannot be charged with a want of probable cause by reason of failure to search the records or make inquiry touching a discharge in bankruptcy before proceeding on his judgment. Malice as an inference from want of probable cause cannot be imputed from such state of facts.

■ A voluntary dissolution of a corporation by action of all the stockholders pursuant to Section 7063, Code of 1923, Code 1940, Tit. 10, § 104, does not immediately put the corporation out of existence for purposes of bringing suits in the corporate name. It still exists for five years for purposes declared in Section 7069, Code of 1923, Code 1940, Tit. 10, § 110. Zadek et al. v. Merchants' Bank of Mobile, 204 Ala. 396, 85 So. 552.

■ The garnishment proceeding here involved was instituted after the five-year period, and, therefore, could not be prosecuted in the corporate name of the dissolved corporation. Covington Bros. Motor Co., Inc., v. Robinson, 239 Ala. 226, 194 So. 663.

■ The property rights of the stockholders were not wiped out by dissolution: The principal stockholder, owner of all the stock, except one share each in two other persons, for purposes of incorporation, does have a property right in a judgment recovered by the corporation enforceable by appropriate proceedings.

The evidence in the instant case is to the effect that G. W. Covington, the principal stockholder in the dissolved corporation, turned over a memorandum of this judgment to F. A. Martin, along with other matters, for collection on a contingent basis, with directions to institute no legal proceedings involving the accumulation of costs without orders from Covington; that Martin, in turn, sent this claim to an attorney in Clanton, where the judgment debtor resided, to be collected on contingent fee. The attorney made the affidavit and caused the issuance and service of the garnishment.

It was sued out in the name of the dissolved corporation, December 20, 1938. The judgment debtor having been discharged in bankruptcy and the corporation having been dissolved this garnishment was dismissed April 7, 1939. Mr. Covington testifies he knew nothing of this garnishment proceeding until after it was dismissed. We find no evidence to the contrary. A second garnishment was sued out by the same attorney Mr. Foshee, March 24, 1939. This proceeding was in the name of the corporation for the use of G. W. Covington. Mr. Covington testifies he knew nothing of this second proceeding until after the first was dismissed. He did prosecute the second proceeding, seeking to meet the defenses of discharge in bankruptcy, and dissolution of the corporation upon grounds disclosed in the opinion in Covington Bros. Motor Co. v. Robinson, supra. Without regard to the exact date Mr. Covington may have learned of these proceedings, the evidence affords no ground for holding he continued to prosecute the first garnishment proceeding on which this suit is founded. Hence, no case is made for a charge of malicious prosecution by persisting in the prosecution of a groundless suit to harass the defendant in garnishment, thus ratifying the act of the agent.

It is now fully settled in the law of Alabama that in actions for malicious prosecution of an attachment or garnishment suit the doctrine of respondeat superior does not apply. The institution of such suit by an agent or attorney maliciously and without probable cause does not impose liability on the principal unless he participates therein or ratifies the act after knowledge. Glidden Co. et al. v. Laney, 234 Ala. 475, 175 So. 296, and cases there cited.

We need not inquire whether the attorney or Mr. Martin was liable in this form of action.

Mr. Martin was brought in as a defendant in the instant suit by amendment.

If not entitled to recover as against the original defendant, no recovery can be had against the party brought in by amendment. Otherwise there would result a complete change of parties defendant. Alabama Power Co. et al. v. Watts, 218 Ala. 78, 117 So. 425.

In our opinion the evidence affords no reasonable inference that Mr. Covington was liable in an action for malicious prosecution of the garnishment proceeding of December 20, 1938, under the rules of law herein announced.

Hence, both parties were due the affirmative charge as requested.

Reversed and remanded.

GARDNER, C. J., FOSTER and LIVINGSTON, JJ., concur.