49 So.2d 294

**MOATES v. CITY OF ANDALUSIA et al.**

4 Div. 580.

Supreme Court of Alabama.

Oct. 26, 1950.

Rehearing Denied Dec. 14, 1950.

630

Allen Cook, of Andalusia, and Jack Crenshaw, of Montgomery, for appellant.

Jas. M. Prestwood and Frank J. Tipler, Jr. of Andalusia, for appellees.

BROWN, Justice.

This appeal is from the final decree of the circuit court entered at a regular session thereof after the complainant had been thrice given leave to amend his bill, the last amendment being a substituted bill. The original bill was filed February 2, 1949. The substituted bill was filed July 18, 1949,. and was more comprehensive as to the facts pleaded,—challenged the validity of an alleged ordinance passed by the Mayor and City Council of Andalusia, a municipal corporation, on February 8, 1949, attached as exhibits said ordinance and other ordinances affecting the alleged zoned status. of a lot or parcel of land owned by the defendant Colquett, changing the same from "Class A Residence Property" to "Local Business Property."

The only matter before the circuit court, sitting in equity, when the ruling complained of was made and material to be here considered, was the case as presented by the averments of the substituted bill and the exhibits thereto. McGowin v. McGowin, 232 Ala. 601, 169 So. 232.

The last amendment—the substituted bill—though filed July 18, 1949, under Rule 28 of Equity Practice, subdivision (f), related back to and became effective as of February 2, 1949, the date of filing the original bill, and imposed on the complainant the burden of showing by averment and proof that complainant had an equitable cause of action, or a justiciable controversy, as to which he had the right to invoke the court's intervention. Equity Rule 28, Subdiv.(f); Code 1940, Tit. 7 Appendix, p. 1071; Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

The averments of said substituted bill and the exhibits thereto go to show that said ordinance was not passed until February 8, 1949. It further appears from the averments of the bill that on March 26, 1949, by a subsequent comprehensive zoning ordinance "made Exhibit D", that all prior zoning ordinances were repealed, not excepting said alleged ordinance of February 8, 1949.

Said bill also avers that complainant appeared before the planning commission while it was considering said objectionable ordinance and stated that "he would have no objection to the property of J. F. Colquett being zoned for business, pro-

vided his (complainant's) property immediately across the street was likewise zoned." The averments of the bill showed that the defendant Colquett at the time was one of the City Councilmen. The quoted averment under the circumstances shows lack of good faith on the part of complainant and a disposition on his part to engage in bargaining to procure an exception of his property from the effect of the general zoning ordinance adopted for the public benefit. The defects pointed out go to the equity of the bill and were not only pointed out by some of the specific grounds of demurrer, but its equity was challenged by general demurrer for want of equity.

Lack of good faith on the part of one who invokes the intervention of a court of equity is sufficient to warrant noninterference. "It is not only fraud or illegality which will prevent a suitor from entering a court of equity; any really unconscientious conduct, connected with the controversy to which he is a party, will repel him from the forum whose foundation is good conscience." 1 Pom. Equity Juris., § 404; McCord v. Bridges, 205 Ala. 692, 694, 89 So. 39; Harton v. Little, 188 Ala. 640, 65 So. 951.

We are therefore of opinion that the averments of the substituted bill not only show lack of good faith in the existence of an equitable right, but the absence of a justiciable controversy between the parties or other equitable right in the complainant on February 2, 1949, when the original bill was filed.

No error appearing the decree dismissing the bill is due to be affirmed.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.

On Rehearing.

BROWN, Justice.

Decree of Circuit Court amended so as to dismiss the bill without prejudice. Application for rehearing overruled.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.