63 So.2d 804

## PORTER v. PORTER.
### 8 Div. 672.

Supreme Court of Alabama.
March 13, 1953.

See also, post, p. 491, 63 So.2d 801.

Scruggs & Scruggs, Guntersville, for appellant.

Smith & Tompkins and Clifford K. Deloney, all of Tuscumbia, for appellee.

BROWN, Justice.

This is an appeal from a final decree entered on the motion of the defendant dismissing the complainant's bill seeking *a divorce a vinculo matrimonii* from her husband on the alternative ground embodied in § 22, Title 34, Code of 1940, "or when the wife has lived, or shall have lived separate and apart from the bed and board of the husband for two years and without support from him for two years next preceding the filing of the bill; and she has bona fide resided in this state during said period." As to this phase of the relief sought the bill alleges:

"That the Complainant and Respondent were married in Marshall County, Alabama, on towit: the 30th day of December, 1947, and thereafter lived as husband and wife in Marshall County, Alabama, until towit: the 29th day of June, 1950, at which time they were separated and they have not lived or cohabited as man and wife since said date and said separation occurred in said county on said date; that said Complainant has lived separate and apart from the bed and board of the Respondent, her said husband, for a period in excess of

two years and without support from him for two years next preceding the filing of this bill of complaint and she has bona fide resided in said State and in said county during said period of time."

The bill also seeks a decree giving complainant the custody of her infant son, born as a result of the marriage with the defendant. In respect to this phase of the relief sought the bill alleges: "there was one child born as a result of this marriage, namely, Ben Burdette Porter, Jr., a son, who was born on towit; February 12th, 1950, and Complainant avers that she is a fit and proper and suitable person to have and enjoy the full custody and control of said minor child; that she has property sufficient to and an income sufficient to provide for herself and said child and has been providing for its support since it was born; that the environment of her home is good and proper for the rearing of such minor child and that it is to the best interest of said child that its full and complete custody and control be given by this Court to its mother, the Complainant, and she has no objection to this court providing that the father may see and visit with said child at reasonable times."

The appellant filed her bill on the 15th day of July, 1952, sixteen days after the expiration of the two years necessary to establish the statutory ground for divorce. Code of 1940, Tit. 34, § 22. The defendant filed an answer to the bill in which he embodied a motion to dismiss the bill, which we quote:

"Comes now the Respondent, Ben Burdette Porter, who appears specially for no other reason hereby makes this motion to dismiss and hereby asks and moves this honorable Court to dismiss this bill of complaint since at the time of the filing and institution of above said cause there was pending in this honorable court a suit filed by the said Ben Burdette Porter against the Respondent Myra Leak Porter wherein the same subject matters, the same parties *and the same cause of action is involved,* and all matters may be settled and finally disposed of in the case of Ben Burdette Porter v. Myra Leak Porter." [Italics supplied.]

The defendant by his answer admitted the allegations of paragraphs one and two of the bill and in paragraph 3 of his answer respondent alleges: "The Respondent admits that the Complainant and Respondent were married in Marshall County on the 30th day of December, 1947 and thereafter lived as husband and wife in Marshall County until on or about the 28th day of June, 1950. Respondent admits they have not lived together as man and wife since on or about towit: the 28th day of June, 1950. Respondent herein specifically denies all other allegations contained in paragraph three (3)."

Answering paragraph 4 of the bill the respondent limits his admission to the fact, age and date of the birth of the infant, concluding with a blanket denial of all other allegations of the bill. The sufficiency of the allegations of the bill was not challenged by demurrer either general or special.

On a regular call of the equity docket on August 18, 1952, the case was submitted on the motion of the defendant embodied in the answer and a counter motion by the complainant to consolidate this case, No. 8018, with the case previously filed by the husband against the wife on February 19, 1952, and numbered on the equity docket as 7950. Thereupon the court entered the following decree:

"It appears to the Court that an Original Bill for divorce was filed by this Respondent against This Complainant on the 19th day of February, 1952, seeking a divorce and custody of the minor child, said cause appearing on the docket of this Court as case #7950. An examination of said file shows the identical parties and subject matter and satisfies the Court that Respondent's motion is well taken.

"It is, therefore, Ordered, Adjudged and Decreed by the Court that Respondent's motion to dismiss the Original Bill filed herein on the 15th day of July, 1952, be and the same is granted and said Bill is dis-

missed without prejudice to filing a proper Cross-Bill.

"Complainant is taxed with all costs herein accrued.

"This 18th day of August, 1952."
Hence this appeal.

The errors assigned are four in number, stated in short as follows: 1. The court erred in granting the motion to dismiss the bill; 2. the court erred in dismissing the original bill; 3. the court erred in taxing complainant with the costs; 4. the court erred in failing to grant appellant's motion to consolidate this cause with cause No. 7950.

The bill in form and substance conforms to Equity Rule 11, Code of 1940, p. 1050, Tit. 7, and contains a clear and orderly statement of the facts on which the suit is founded without prolixity or repetition, the averments being divided into sections of convenient length for answering and are numbered consecutively from one to four.

The complainant in filing the bill exercised her right under § 13 of the Constitution to invoke the jurisdiction and power of the appropriate court to grant her the relief she sought by her bill. Code of 1940, Tit. 34, Chapter 2, § 20 et seq.

The motion to dismiss was predicated on a misconception that both of said bills, that of the husband against the wife and that of the wife against the husband, were based on the same cause of action,—grounds for divorce. The husband's bill was based on voluntary abandonment by the wife on June 28, 1950, while the cause of action or ground for divorce on which the wife's right to relief rests did not mature until June 28, 1952.

Motions to dismiss bills for want of equity for testing their sufficiency have long since been abolished, the rule substituting therefor a general demurrer to the effect "that there is no equity in the bill." Rule 14, Equity Practice, Code of 1940, Tit. 7, p. 1052. A motion to strike is not regarded as good pleading where the bill in form and substance complies with the rules of equity pleading. Cunningham v. Wood, 224 Ala. 288, 140 So. 351.

While the decree entered by the court is *ex facie without prejudice* to the appellant to file a cross bill in the husband's case, she suffered detriment in that for the dismissal of her bill, she was deprived of the benefit of admissions of record in defendant's answer to the allegations of her bill going to support the alleged grounds for divorce.

At the time of the dismissal of the bill the cause was at issue on all the phases of the controversy between the parties and the complainant was not in default in respect to its prosecution. She, in view of the allegations of the bill, could have given evidence that she had lived separate and apart from the defendant without support from him and such testimony, if believed, would have entitled the complainant, in connection with the admissions in the answer of the defendant, if noted as evidence to a decree dissolving the bonds of matrimony between the parties. The effect of the motion to dismiss the bill was to admit as true the allegations of the bill, including those relating to the custody and welfare of the infant. On the other hand, the bill previously filed by the defendant against his wife was not at issue on the facts, but was pending on demurrer, which the trial court sustained, and is now here on appeal from the interlocutory decree.

In Ex parte Brown, 58 Ala. 536, 541, decided in 1877, it was observed: "Where there are, in the same chancery court, two or more suits in which different creditors, or creditors and others, severally claim interests adversely to each other in the same property, and the facts upon which the rights of each depend need to be investigated, before the rights of any can be definitely settled, there should be, ordinarily, a consolidation of the causes when that is possible, to the end that they may be heard and decided together, or if that can not be effected, one or more of them should be stayed until a determination shall be reached in another, or to the others. And when such a stay is ordered, the cases involving the more important questions upon the determination of which the rights of the respective contestants chiefly depend ought to

be first considered. 1 Dan.Ch.Pl. & Pr. 4 ed. 797–8.

"The property involved in these controversies was already in the possession of the court, by its receiver appointed in one of the other cases, to abide the decree of the chancellor in it, and the question of the validity of the bonds belonging to the class of those of which Luddington was the holder, and of the existence or not of a lien on the property, was put in issue therein. Ordinarily, therefore, those causes, or one of them, ought to have been first heard. As was said by Lord Chancellor Redesdale, in an interesting case concerning the practice in equity: 'It is much more important to attend to the general administration of justice in this court, than to the interests of any particular parties.' Largan v. Bowen, 1 Sch. & Lef. 298."

This course of procedure was followed in Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730, in two cases pending on appeal, involving controversies growing out of domestic relations in respect to divorce and the custody and welfare of an infant.

The practice of consolidating two or more cases pending in a court of equity was expressly approved by the court in Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285, on the authority of Ex parte Brown, 58 Ala. 536 and Hagan v. Riddle Co., 209 Ala. 606, 96 So. 863, where it was observed that, "the consolidation of claims and causes brought about by the procedure followed in this cause was proper." 221 Ala. at page 521, 129 So. at page 286.

The motion made by the complainant to consolidate the two causes was timely and appropriate. Submission was taken thereon by the court along with the motion of appellee to dismiss and the effect of the decree was to deny the motion to consolidate and grant the motion to dismiss. This was error for which the decree must be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.