82 So.2d 255

### Frances Meriwether LYLE et al.

v.

### ALL STATES LIFE INSURANCE CO.

### 3 Div. 672.

Supreme Court of Alabama.

Aug. 18, 1955.

284

Jones, Murray & Stewart, Montgomery, for appellants.

Hill, Hill, Stovall & Carter, Montgomery, for appellee.

PER CURIAM.

This is an appeal by respondents from a decree in equity overruling their demurrer to a bill as amended and to its different aspects.

The two aspects of the bill are: (1) an in-personam statutory proceeding to quiet the title to certain described real estate.—Section 1110, Title 7, Code; and (2) to reform a deed in complainant's chain of title so that instead of being one to convey an easement over a strip of land ten feet by one hundred and forty feet, it be so reformed as to convey the fee in said strip. Section 133, Title 47, Code.

There are only two contentions made by appellants in brief: (1) that the "bill alleges a mortgage on the property and the mortgagee, as holder of the legal title, is a necessary party", and (2) "the bill shows that the complainant is estopped by laches from attempting to quiet title in itself or from attempting to reform the original deed".

We need not analyze the law with respect to the first contention because the

decree is only with reference to the bill as amended which does not refer to a mortgage given by complainant to the United Insurance Company. As originally filed the bill did refer to such a mortgage, but the amended bill is alleged to be substituted in place of the original. When so, the only consideration on demurrer is of the substituted bill. Appellant refers to Woodall v. Southern Mfg. Co., 223 Ala. 262, 135 So. 446. In that case the amendments consisted of additions to the original bill, not by rewriting it and as rewritten making it the bill on which relief is sought. When there is a substituted bill it constitutes all that is before the court by way of the bill of complaint, and matters referred to only in the original bill should not be further considered. Middlebrooks v. Moore–Handley Hdw. Co., 209 Ala. 526, 96 So. 410; McGowin v. McGowin, 232 Ala. 601, 169 So. 232; Moates v. City of Andalusia, 254 Ala. 629, 49 So.2d 294.

The other insistence is that laches bars complainant from having the title quieted and also having a reformation of the deed as prayed for.

■ Laches is not manifest in a mere statutory bill to quiet the title when the bill in that respect contains only the statutory requirements. Section 1110, Title 7, Code; Behan v. Friedman, 218 Ala. 513 (8), 119 So. 20; Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157. The bill in the instant case contains those requirements.

■ But the demurrer is also addressed to that aspect of the bill which seeks a reformation. If a bill of complaint shows prima facie that laches has application to the right claimed, it is subject to demurrer for not containing sufficient allegations to relieve it of that defect.

The deed sought to be reformed was executed by one of the respondents and the ancestor of the other to Roy S. Garrett on April 5, 1935, and contains the following description:

"Lot Number 3, and a strip of ten feet by 100 feet off the rear end of Lot Number 8, and adjoining said Lot Number 3, said lots being in Square Number 17 of that part of the City of Montgomery formerly called East Alabama.

"The right to use the alley adjoining said property is quitclaimed only. It is hereby specifically understood that it is the intention of the grantors herein to quitclaim any alley rights that they may have in any alley adjoining this property, but no such alley rights are included in the warranty to this title."

The mistake sought to be corrected is with reference to the second paragraph of the above description, and consists in the fact that the deed conveyed only a right to use the alley, when it is alleged that, to that extent, the deed did not recite their mutual intent to convey the fee. The substituted bill of complaint alleges that by deed dated August 16, 1935, Roy S. Garrett conveyed said strip of land (including the fee) to Leonel Weil; that on May 28, 1952 Weil conveyed it (including the fee) to complainant, and further that respondent Laura L. Wyatt-Brown has refused on demand to convey the fee to complainant; but that respondent Frances Meriwether Lyle executed said deed conveying the fee. Both respondents have joined in the demurrer.

■■ The decree refers to the demurrer of both respondents. They jointly appeal and jointly assign errors. If those allegations are true, as they must be taken on demurrer, the respondent Frances Meriwether Lyle apparently has no interest in the reformation now sought to be effected. But that contention is not made by counsel in argument. We will treat the contentions as they are argued. The substituted bill makes no allegation as to the possession of the area in question. The complainant is a remote grantee and its right here invoked is included in section 133, Title 47, Code, and is dependent upon the right of the grantee Roy S. Garrett to have a reformation to the extent now sought. Skelton v. Tyner, 247 Ala. 511, 25 So.2d 160.

We note that the bill makes no allegation as to the use and occupancy of the strip of land after the execution of the deed to Garrett, which is sought to be corrected. Garrett undertook to deed the fee to Weil who in turn deeded the same to complainant. The bill does not show when these appellants or either of them first asserted a right to the fee after the deed was made to Garrett, or that complainant, Garrett, or Weil, discovered the error in the deed for an appreciable time before filing the bill, or just when it was discovered. Complainant could not be guilty of laches on his own account, for he only acquired a claim to it on May 28, 1952. If Garrett or Weil were guilty of laches or if their delay tacked on to complainant's delay constituted laches, complainant would be under its influence by virtue of section 133, Title 47, supra. Laches cannot be raised by demurrer unless it so affirmatively appears from the allegations of the bill. Mullen v. First National Bank, 226 Ala. 305, 146 So. 802; Woods v. Sanders, 247 Ala. 492, 494, 25 So.2d 141; Ammons v. Ammons, 253 Ala. 82, 42 So.2d 776; Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779. Laches is dependent upon a failure to act after the assertion of an adverse right, Zeigler v. Zeigler, 180 Ala. 246(3), 60 So. 810,—and the remedy need not be pursued until such opposing claim is asserted unless the respondent is in sole possession. Branford v. Shirley, 238 Ala. 632, 193 So. 165.

It is said in Blewett v. Stallworth, 248 Ala. 242, 27 So.2d 206, 208:

"Unless there is the assertion of a claim by the adverse party for the time required to deprive complainant of his rights, there is no field of operation for the principle of laches. 'Staleness or laches is founded upon acquiescence in the assertion of adverse rights, and unreasonable delay on complainant's part in not asserting her own to the prejudice of the adverse party.' Haney v. Legg, 129 Ala. 619, 30 So. 34, 36, 87 Am.St.Rep. 81; Treadwell v. Torbert, 122 Ala. 297, 300, 25 So. 216; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; 30 C.J.S., Equity, § 117, p. 539.

" 'Acquiescence involves knowledge either actual or imputable of the assertion of an adverse right. If there is no assertion of the adverse right there can, of course, be no acquiescence.' Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81; Veitch v. Woodward Iron Co., supra (200 Ala. 358, at page 363, 76 So. 124); Butt v. McAlpine, 167 Ala. 521, 530, 52 So. 420."

The bill does not show that respondents have been in possession of the area of land in question at any time since the execution of the deed to Garrett, or have asserted a claim which was adverse to complainant's right to reformation that continued until their rights were prejudiced by the delay. McKleroy v. Dishman, 225 Ala. 131, 142 So. 41(22).

The demurrer was properly overruled, and the decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.