264 So.2d 174

GARY FURNITURE AND APPLIANCE
CO., Inc., et al.

v.

Arrie B. SKINNER et al.

6 Div. 797.

Supreme Court of Alabama.

June 8, 1972.

618

Speir, Robertson, Jackson & Irons, and Robin H. Harbin, Birmingham, for appellants.

Huey, Stone & Patton, Bessemer, for appellee Arrie B. Skinner.

Brown, Pointer & Pointer, Birmingham, for appellee C. S. Brown.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Jefferson County, in Equity, Bessemer Division.

In 1960, Gary Furniture and Appliance Company, Inc., an Alabama corporation (hereinafter for convenience called Gary), was deeded an equity of redemption in a lot situated in the Bessemer Division of Jefferson County.

On October 19, 1962, following default in the monthly payments, the mortgage was foreclosed by the mortgagees, I. M. Skinner and his wife, Arrie, and the mortgaged lot was sold by their auctioneer to C. S. Brown.

This litigation was commenced on October 5, 1964, with the filing by Gary, as sole complainant, of a bill in equity against Arrie Skinner, then the widow of I. M. Skinner, and against C. S. Brown, as respondents.

The bill sought to have the foreclosure set aside as having been held at the Bessemer Courthouse rather than the Birmingham Courthouse.

In due course demurrers were sustained. Gary, on February 24, 1965, filed an "Amendment" which is actually a substituted bill. It is complete within itself. Its opening paragraph reads: "Comes the Complainant in the above styled cause and with leave of the Court first had and obtained *amends its complaint heretofore filed in this cause to read as follows*: . . ." (Emphasis supplied.) Middlebrooks v. Moore-Handley Hardware Co., 209 Ala. 526, 96 So. 410; McGowin v. McGowin, 232 Ala. 601, 169 So. 232; Moates v. City of Andalusia, 254 Ala. 629, 49 So.2d 294; Lyle v. All States Life Ins. Co., 263 Ala. 283, 82 So.2d 255.

Demurrers interposed to the substituted bill were overruled.

Thereafter, the respondent Brown, on October 10, 1967, filed an "Answer, Pleas and Cross-Bill." Gary, on October 30, 1967, interposed demurrer to Brown's cross-bill. On November 2, 1967, the respondent Skinner filed an answer to the substituted bill.

Before there was a ruling on Gary's demurrer to Brown's cross-bill, Brown filed "Amended Answer, Pleas and Cross-Bill." In his amended answer Brown alleged that Gary "was dissolved by unanimous consent of its stockholders by instrument dated November 1, 1962 . . ." This was the first mention of Gary's dissolution.

On February 5, 1968, an amendment was filed to the substituted bill for the sole purpose of adding as parties complainant Mrs. Hollie T. Casale, Miss Joy L. Casale and Mr. James E. Casale, alleged to be the owners of all the stock in Gary.

Demurrers interposed by each of the respondents to the substituted bill as thus amended were sustained on May 9, 1969.

On May 22, 1969, a second substituted bill was filed. In the introduction division of that bill it is averred in substance that the Casales, who were sought to be added as parties complainant by the amendment of February 5, 1968, not only owned all of the stock in Gary, but constituted the board of directors of Gary.

It was acknowledged in the second substituted bill that Gary was dissolved on November 1, 1962. It was prayed in that bill, among other things:

"That the complainants [Casales] who are directors of the Gary Furniture and Appliance Company, Inc., a Corporation, and as such its trustees, may be continued as such for such length of time as the Court may decree to be necessary to settle the business and affairs of said corporation and to prosecute this litigation."

On June 30, 1969, "the complainants" filed a separate petition wherein it was alleged that Gary had been dissolved on November 1, 1962, and further alleged as follows:

"3. That the above styled litigation was instituted after the dissolution of said corporation and is still pending and involves a substantial part of the assets of said corporation, and the redemption thereof

"4. That additional time is necessary to complete the litigation of this Bill of Complaint."

The petition, aside from praying for process and for general relief, prayed:

". . . and that upon consideration of this petition the Court will order and decree that Gary Furniture and Appliance Company, Inc., a corporation, shall continue to exist as a body corporate to this litigation until all appeals thereof be concluded."

Thereafter, on July 18, 1969, the respondent Brown filed a motion to strike the petition filed by complainants on June 30, 1969, on the grounds that Gary was dissolved by consent of the stockholders on November 1, 1962, "under the provisions of Sec. 21(86) of Title 10 (pocket parts) of the Alabama Code," and that the petition was filed more than five years after the dissolution. On the same day the respondent Brown filed a "Motion to Abate & Dismiss Action" on substantially the same grounds as were included in his motion to strike the petition.

On August 29, 1969, the respondent Arrie B. Skinner filed a "Motion to Dismiss," wherein it was alleged, in effect, that the second substituted bill shows on its face that Gary no longer exists as a legal entity; that the effect of that bill is to substitute certain individuals for the original complainant and that such amendment effects a complete change of parties complainant and works a discontinuance of the action.

Thereafter, on March 19, 1970, although no demurrers had been interposed to the second substituted bill, the trial court rendered a decree sustaining demurrers to the "bill of complaint as last amended," in which decree the "Complainant" was given thirty days within which to plead further.

Within the thirty-day period and on, to wit, March 26, 1970, the trial court found that respondent Brown was entitled to the relief prayed for in his motion to strike complainant's petition filed on May 30, 1969, and his motion to abate the cause of action, and that respondent Skinner was

entitled to the relief prayed for in her motion to dismiss the cause of action and thereupon the trial court decreed as follows:

"NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED:

"1. That the motion of respondent, C. S. Brown, to strike the petition filed in this cause by Complainants on May 30, 1969 [June 30, 1969], praying that this Court order and decree that the Gary Furniture and Appliance Company, Inc. shall continue to exist as a body corporate, be granted, and said petition of Complainants be stricken and denied.

"2. That said cause of action be abated and dismissed, with prejudice.

"3. That court costs in this proceeding be taxed against Complainants, for which let execution issue."

From the decree of March 26, 1970, the complainants appealed to this court.

Five assignments of error have been properly included in the transcript. Supreme Court Rule 1.

Assignment of Error 1 is to the effect that the trial court erred in its decree of May 9, 1969, sustaining the demurrers of the respondents to the complaint as then amended.

Assignment of Error 2 asserts that the trial court erred in rendering its decree of March 19, 1970, which, as shown above, purported to sustain demurrers which had not been filed to the second substituted bill.

The other three assignments of error are to the effect that the trial court erred in rendering the final decree of March 26, 1970, wherein the complainants' petition of June 30, 1969, was stricken and denied and wherein the "cause of action" was abated and dismissed with prejudice.

■ Assignment of Error 1 is without merit. In Batson v. Graham, 236 Ala. 72, 181 So. 260, it is said in effect that an ap-

peal from a decree sustaining demurrers to the bill as last amended presents for review that decree only and does not bring up former decrees sustaining demurrers to the original bill or to the bill as theretofore amended.

It is recognized that the appeal in this case is from a decree dismissing the substituted bill and not from an interlocutory decree, as was the situation in *Batson.* But it was not the decree of May 9, 1969, of which complaint is made in Assignment of Error 1, which precipitated the dismissal. It is also recognized that an appeal could not have been taken from the decree of May 9, 1969, in view of the provisions of Act 72, approved September 15, 1961, Acts of Alabama 1961, Vol. II, p. 1947, carried in the 1969 Cumulative Pocket Parts to Vol. 3 of the 1958 Recompiled Code as § 755, Title 7. But complainants, under the provisions of said Act 72, *supra,* could have sought a dismissal and thereby secured a review of the decree of May 9, 1969.

■ The rule as to pleadings in equity cases which may be reviewed on an appeal from a decree of dismissal, as authorized by Act 72, *supra,* is the same as that applicable where a voluntary nonsuit is taken at law.—§ 819, Title 7, Code 1940. In Roan v. Associates Discount Corp., 281 Ala. 100, 101–102, 199 So.2d 643, 644, Mr. Justice Simpson, writing for the Court, said in part as follows:

"In reviewing the action of a trial court on an appeal from a judgment of nonsuit, we are limited to a consideration of only such rulings of that court as culminated in and superinduced the taking of the nonsuit. [Authorities cited]

\*   \*   \*   \*   \*   \*

"We have consistently held that where a demurrer to a count is sustained and that count is later amended and a demurrer sustained to the amended count, and a nonsuit is taken, the action of the trial court in sustaining the demurrer to the

original count is not before us for review, and we are without authority to review it. The reason for the rule is that if the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, he could have declined to plead further after the demurrer to the original complaint was sustained, and in this way, have presented to us, by way of an appeal from a nonsuit, that question for review. [Authorities cited]"

■ In any event, the grounds of the demurrers which took the point that the stockholders were not proper parties to the first substituted bill were well taken. In that posture of the case the complainants had not alleged the dissolution of Gary. There was no averment of special interest in the Casales, the alleged stockholders, sufficient to make them proper or necessary parties complainant. See 19 C.J.S. Corporations § 1304, p. 989. Cf. Lawson v. Alabama Warehouse Co., 73 Ala. 289.

Assignment of Error 2 is, of course, well taken because demurrers had not been interposed to the second substituted bill at the time the decree of March 19, 1970, was rendered. It is that decree which is attacked by Assignment 2. But this inadvertent ruling does not require a reversal of the final decree for reasons which will appear hereinafter.

As previously shown, the three remaining assignments of error attack the final decree rendered on March 26, 1970. That decree was, in part, in response to motions to dismiss.

It has been held that the motion to dismiss for want of equity has been abolished and the general demurrer has been substituted therefor. Equity Rule 14, Title 7, Code 1940, Appendix; Porter v. Porter, 258 Ala. 488, 63 So.2d 804; Edmondson v. Martin, 256 Ala. 73, 53 So.2d 613; Dancy v. Dancy, 253 Ala. 207, 43 So.2d 893.

■ However, if there is no equity in a bill it will be dismissed at the final hearing

*ex mero motu.* Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582; Caudle v. Cotton, 234 Ala. 126, 173 So. 847; Elmore County v. Tallapoosa County, 222 Ala. 147, 131 So. 552; Birmingham Interurban Taxicab Service Corp. v. McLendon, 210 Ala. 525, 98 So. 578; Dailey v. Koepple, 164 Ala. 317, 51 So. 348; Jackson v. Knox, 119 Ala. 320, 24 So. 724; Howle v. Alabama State Milk Control Board, 265 Ala. 189, 90 So.2d 752.

So, if the second substituted bill was without equity, the "cause of action" was properly dismissed although the equity of that bill was not challenged by general demurrer or by a motion to dismiss asserting that said bill "was without equity."

The Alabama Business Corporation Act was approved November 13, 1959. Act 414, Acts of Alabama 1959, Vol. 2, p. 1055. Section 86 of that act reads as follows:

"Certain corporations exist for five years after dissolution for certain purposes.—Corporations whose charters have expired, or which have been dissolved otherwise than by judicial decree, continue to exist as bodies corporate for a period of five years after such dissolution for the purpose of prosecuting or defending suits, settling their business and affairs, collecting and disposing of their properties and distributing their assets, but not for the purpose of continuing their business. The directors of such corporations shall be trustees thereof, with full power to settle their business and affairs, collect and pay their debts, sell and convey their properties, prosecute and defend suits, make distribution to stockholders or other persons entitled thereto and to do all things reasonable and necessary to bring about an orderly liquidation and settlement of the business and affairs of the corporations. Suits may be brought and property may be conveyed by such trustees or a majority of them in the name of the corporation. Said trustees shall be liable to account to creditors and stockholders for assets coming into their hands. On application to the circuit court, or other court exercising equity jurisdiction, at the principal place of business of the corporation, such trustees may be continued as such for such length of time beyond said five-year period as the court may deem to be necessary for the purposes set forth in this section."

For present purposes, it may be said that the provisions just quoted are substantially the same as were found in § 110, Title 10, Code 1940, and § 7069, Code 1923, and § 3516, Code 1907. The provisions of § 110, Title 10, Code 1940, were repealed by § 99 of the Alabama Business Corporation Act, *supra,* and the controlling provisions are those last quoted above. The Codes of 1852 through 1887 carried substantially the same language in the first sentence of § 86 of the Alabama Business Corporation Act, *supra,* but the other parts of said § 86, *supra,* were not included in those Codes. Such other provisions were added in substantially the same language by Act 395, approved October 2, 1903, Acts of Alabama 1903, p. 310.

The provisions of § 86 of the Alabama Business Coorporation Act, *supra,* are carried in the 1969 Cumulative Pocket Parts to Volume 4 of the 1958 Recompiled Code as § 21(86), Title 10, but we will continue to refer to § 86 of the Alabama Business Corporation Act, *supra.*

It was the rule at common law that every real or personal action abated on dissolution of a corporation that was a party to such action unless the action was submitted for judgment before the dissolution, and this is still the law in all common-law jurisdictions except in so far as the common law is modified by statute. 1 Am.Jur.2d, Abatement, Survival and Revival, § 130, p. 142.

In Nelson v. Hubbard, 96 Ala. 238, 244–245, 11 So. 428, 429, the common-law rule was recognized in the following language:

"The dissolution of a corporation implies its utter extinction and obliteration

as a body capable of suing or being sued, or in whose favor obligations exist or upon which liabilities are imposed. For all legal purposes the dissolution is the death of a corporation; thereafter it is a mre nonentity. . . .

" . . . The dissolution of a corporation works an abatement of suits then pending against it, and presents an insuperable impediment to the institution of new suits against it, unless some clear statutory provision prevents the termination of its existence, for the purposes of its organization, from having this effect. (Authorities cited)"

Practically all common-law jurisdictions have modified the rigid common-law rule by statute to allow a period for "winding up" corporate affairs by those officers who were charged with its management prior to dissolution. These statutes provide variously that pending suits shall not abate upon the dissolution of a corporate party; that a dissolved corporation is continued for the purpose of prosecuting and defending suits; that the action may be revived or that it may be continued upon the substitution of a representative or successor in interest. 1 C.J.S. Abatement and Revival § 102.

Section 86 of the Alabama Business Corporation Act, *supra,* is such a statute. It has been held that the language of this statute preserves the life of a dissolved corporation for the purpose, among others of prosecuting and defending suits, and prevents the abatement of a pending suit by or against a dissolved corporation which would have occurred at common law. Goodwyn v. Union Springs Guano Co., 228 Ala. 173, 153 So. 246; Covington v. Robinson, 242 Ala. 337, 6 So.2d 421.

Appellants contend that any action commenced within the statutory period may be prosecuted to its conclusion, regardless of the running of the statutory period. Careful consideration of cases which seem to support this contention reveals that the holdings therein are based upon statutes which give express authority to prosecute to final judgment all actions begun by the corporation within the period of extended corporate existence. See O'Neill v. Continental Ill. Co., 341 Ill.App. 119, 93 N.E.2d 160. There is no such provision in our law. It seems to be the concensus of authorities that under a statute extending the corporate life for a given period of time for the purpose of winding up corporate affairs, any action pending by or against the dissolved corporation at the expiration of the statutory period abates.

In Fletcher, 16 A, Cyclopedia of Corporations, § 8144, p. 325, it is said:

"It is generally held, that where a statute continues the existence of a corporation for a certain period after its dissolution for the purpose of prosecuting and defending suits, etc., the corporation becomes defunct upon the expiration of such period, at least in the absence of a provision to the contrary so that no action can afterwards be brought by or against it, and must be dismissed."

In accord, see 1 C.J.S. abatement and revival § 102(a), p. 143; 1 Am.Jur.2d, Abatement, Survival, and Revival, § 130, p. 142; 19 Am.Jur.2d, Corporations, § 1675, p. 1020.

In addition to providing for the five-year extension of corporation existence, the legislature of this state in § 86 of the Alabama Business Corporation Act, *supra,* provided that an appropriate court might be petitioned to allow the directors of the corporation in their capacity as trustees to continue in their capacity as trustees for such a length of time beyond the five-year period as the court deems necessary for the purposes set forth in said § 86, supra.

The time when such a petition must be presented to the court is not spelled out.

The provision for a five-year extension of corporate existence, as well as the provision for continuance of the corporation's trustees as such, is in derogation of the common law and consequently the

provisions of § 86, *supra,* must be strictly construed.

■ Only the petition for continuance provided by the last sentence of § 86, *supra,* will prevent the automatic abatement under the common-law rule. It is the opinion of this court that if the petition for continuance is not made by the time the statutory extension expires, the corporation will cease to exist for the purposes spelled out in said § 86, *supra,* just as definitely and irrevocably as if no power to petition for continuance had been given. Actions to which the corporation was a party will abate, and any subsequent petition is of no avail.

It is not only desirable but necessary that there be some definite way to determine when litigation is to end. If the appellants' interpretation of § 86, *supra,* were accepted, the application for continuance could be made at any time during the pendency of a suit instituted during the five-year period. This construction, in the opinion of the court, is not in accord with the legislative intent.

If the legislative intent had been as appellants insist, language could have been used similar to that which has been used in other states to accomplish the result for which appellants contend.

In the second substituted bill filed on May 22, 1969, the Casales, although referred to as "all the directors of Gary Furniture and Appliance Company, Inc., a corporation, the complainants, and all of the owners of all of the stock in said corporation," did not seek relief based on any alleged rights derived by them as stockholders from the dissolved corporation. See McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808. The purpose for joining the Casales as parties complainant in the second substituted bill was obviously in order to have them continued as trustees in order to maintain the action. In fact, the prayer of the substituted bill contains the following language:

"That the Complainants who are directors of the Gary Furniture and Appliance Company, Inc., a Corporation, and as such its trustees, may be continued as such for such length of time as the Court may deem to be necessary to settle the business and affairs of said corporation and to prosecute this litigation."

The Casales sought no relief as stockholders, although at the end of five years from the dissolution of the corporation, the assets, including any corporate claims, devolved on the stockholders as tenants in common for enforcement or collection by them. McKinstry v. Thomas, *supra;* Covington v. Robinson, *supra.*

■ The Court holds that the trial court properly dismissed the substituted bill with prejudice, in that it was without equity since a period of five years after the dissolution of the corporation had expired and during that period of time no effort had been made to have the directors continued as trustees beyond the five-year period.

The decree of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by LAWSON, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD and MADDOX, JJ., concur.